## The Warren Telephone Co. *v.* Staton.

(Decided October 18, 1933.)

*Mr. Washington Hyde* and *Mr. G. P. Gillmer,* for plaintiff in error.

*Messrs. Boyle, Boyle & Connor* and *Mr. Howard Booher,* for defendant in error.

Pollock, J.   The defendant in error, M. V. Staton, brought an action in the court of common pleas of Trumbull county against the plaintiff in error, the Warren Telephone Company, asking for an accounting of all the funds and property unlawfully and fraudulently diverted from the Warren, Ohio, Telephone Company.   We will refer to these parties plaintiff and defendant as they appeared in the court of common pleas of this county.

The plaintiff alleged that he is the owner of certain shares of the preferred stock of the Warren, Ohio, Telephone Company, a corporation chartered under the laws of the state of Delaware; that he brings this action in his own behalf and on behalf of all the other preferred shareholders of the Warren, Ohio, Telephone Company.   He further alleged that the officers and directors of the defendant, the Warren Telephone Company, were also officers and directors of the Warren, Ohio, Telephone Company, during the time when the acts of which he complains were committed, and that for that reason before bringing this action he did not ask the directors of the Warren, Ohio, Telephone Company to bring the action.   He alleges that the common capital stock of the Warren Telephone Company is $125,000, the preferred capital stock $245,000, and the bonds $800; that the stock and bonds are all owned by the Warren, Ohio, Telephone Company; and that it has no other assets than above stock and bonds.

Plaintiff further alleges that the officers and directors of the Warren Telephone Company, during the time the acts complained of were committed, were J. F.

Kent, R. H. Coyne, W. S. Green, T. J. Grace and E. G. Miller; that during that time these directors were also directors of the Warren, Ohio, Telephone Company; and that its directorship, in addition to the afore-named directors, consisted of J. C. Poole and T. L. Grace.

Plaintiff further alleges that the officers and directors of the Central West Management & Engineering Company, and the sole persons interested therein, during the time the acts were committed as alleged herein, were J. F. Kent, R. H. Coyne, W. S. Green, J. C. Poole and T. L. Grace, and, further, that the directors named in the last-named company were directors and officers of the Middle Western Telephone Company and the Middle States Telephone Company.

Plaintiff further says that the defendant, the Warren Telephone Company, through its officers and directors, who were also officers and directors of the above-named company, has connived and conspired to withdraw large sums of money from the defendant, the Warren Telephone Company, without adequate consideration and for the purpose of private and individual gain to said corporations and individuals, in the following respects:

1. That the defendant, the Warren Telephone Company, placed upon its pay roll the directors and officers above named, and also R. F. Pagel, as traffic manager, J. F. Burns, as general auditor and treasurer, and one J. A. Johnston, as treasurer, and paid to said persons, no one of whom devoted all of his time to the business and affairs of the defendant, the Warren Telephone Company (setting out the amount that each one received), a sum which from July 1, 1928, to May 5, 1932, amounted to $92,854.99. He further says that he believes, and therefore alleges the fact to be, that while the foregoing sum was paid to the persons above named as salary, it in fact represented the transfer of funds from the defendant, the Warren Telephone

Company, to the said The Middle Western Telephone Company and the said the Middle States Telephone Company.

2. Plaintiff alleges that $10,500 a year was paid to R. C. Miller by the defendant, the Warren Telephone Company, for the years 1930 and 1931, and that during the year 1932 the said Miller received a salary of $9,712.66.

3. He further alleges that it paid to Washington Hyde, beginning in the year 1930, a salary of $6,000 per year, and that the sums paid R. C. Miller and Washington Hyde, beginning with the year 1930, were not in fact payments of salary to said individuals for services rendered, but were payments of obligations from the Middle Western Telephone Company to the said R. C. Miller and Washington Hyde.

4. The plaintiff alleges that the Warren Telephone Company further paid sums to said individuals and others ostensibly as traveling expenses, and all of said expenses so paid by defendant, the Warren Telephone Company, were extravagant and exorbitant, and known by said individuals to be extravagant and exorbitant, and not to be in fact a payment of such expenses.

5. He further alleges that there was paid John F. Kent the sum of $350, which was afterwards divided among the parties aforementioned as a Christmas present.

6. He alleges that the Warren Telephone Company entered into a contract with the Central West Management & Engineering Company, by which agreement the Warren Telephone Company agreed to pay the Central West Management & Engineering Company certain management fees and expenses and a commission of 15 per cent. upon all purchases of materials and supplies used by the defendant, the Warren Telephone Company, in operating its business, and that he is informed and believes, and therefore alleges, that no benefit accrued to the defendant, the Warren

Telephone Company, by making these purchases, and that in fact, the commission of 15 per cent. was in truth and in fact a mere loading of additional expense upon the defendant.

The plaintiff says that by the foregoing practices of the defendant, the Warren Telephone Company has conspired with said the Central West Management & Engineering Company, and the Middle West Telephone Company, the Middle States Telephone Company, and the said J. F. Kent, R. H. Coyne, W. S. Green, J. C. Poole and T. L. Grace, to render the preferred capital stock of the Warren, Ohio, Telephone Company of no value, by making the defendant, the Warren Telephone Company, insolvent, or in imminent danger of insolvency, to the great and irreparable loss and injury of the Warren, Ohio, Telephone Company and this plaintiff and all other preferred stockholders of the Warren, Ohio, Telephone Company.

Plaintiff further alleges that he believes there are other similar withdrawals of money and improper diversions of funds, to the extent and amount of which this plaintiff is without knowledge, but that in equity these additional amounts should be determined.

There was an answer filed to this petition. We need not refer to it further than to say that the answer admits that in the prosecution of its business defendant paid the various persons named for services performed, and that at the time of the acts alleged in the petition to have been committed the persons named therein were directors and officers of the Warren Telephone Company, all of which is reflected by the books of said company.

The answer further alleges that the directors of the Warren Telephone Company, prior to the bringing of this action, were changed, and at that time the directors of the company were W. Manning Kerr, president, R. F. Mateer, secretary, A. F. Reid and E. S.

Craig, residents of the city of Warren, and J. C. Poole, a resident of Chicago.

After the filing of this petition there was a motion filed asking for the appointment of a receiver. Upon the hearing of that motion a receiver was appointed.

This action on error is prosecuted by the Warren Telephone Company against the plaintiff below from the judgment and order appointing a receiver. Whether a receiver should have been appointed is the only question before this court.

Section 11894 of the General Code provides:

"A receiver may be appointed by * * * the common pleas court or a judge thereof * * *. in causes pending in such courts: * * *

"6. In all other cases in which receivers heretofore have been appointed by the usages of equity."

Under the sixth paragraph, quoted above, it is urged that the common pleas court was authorized to appoint the receiver.

We have referred fully to the petition because it appears from the petition that the wrongdoings which made necessary the claimed accounting were the acts of the then directors and others of the Warren Telephone Company. The company itself is not withholding any money or property wrongfully, that should be applied to paying the dividends of the preferred stockholders of the Warren Ohio Telephone Company, but if any of the assets of the Warren Telephone Company have been wrongfully and fraudulently diverted, either to the use of the other companies named, or to the personal use of the then directors, or others, individually, it was caused by the wrongful act of the directors and officers of the Warren Telephone Company.

The appointment of a receiver is an interlocutory provisional remedy of an ancillary character. In *Hoiles* v. *Watkins,* 117 Ohio St., 165, 157 N. E., 557, 61 A. L. R., 1203, the Supreme Court, in the first paragraph of the syllabus, said: "The appointment of a

receiver is an extraordinary provisional remedy of ancillary character, regulated by statutory provision and allowable only in cases pending for some other purpose." And further, in the opinion, on page 173, the following is quoted from Clark on Receivers: "The appointment of a receiver being an interlocutory decree is therefore a temporary expedient, and provisional to some other or final determination of the matter by the court . * * * It is not the office of a court of equity to appoint receivers as a mode of granting ultimate relief. They are appointed as a measure ancillary to the enforcement of some recognized equitable right."

The appointment of a receiver not being a mode of granting ultimate relief, we must look then to the allegations of the petition to determine whether the plaintiff stated a cause of action, with the necessary parties, such as would afford the relief asked for in his petition.

In the case of *Taylor v. Miami Exporting Co.*, 5 Ohio, 162, 22 Am. Dec., 785, the court first had before it the question whether the wrongdoers who had rendered the corporation insolvent could be called to answer at the suit of a stockholder for their wrongdoing. Having determined that question in favor of the stockholder, the court then said, at page 169: "The second point remains. Are these defendants properly made parties to this bill? If we are correct in the view we have taken, it would seem to follow, as a necessary consequence almost, that in order to the effectual exercise of the power of the chancellor, he must have all the parties to the fraud before him. The defendants are the bank in its corporate capacity, the directors and stockholders charged with the fraud. There is a peculiar fitness in bringing them all before the court, that if fraud is found, the whole proceedings may be reviewed and the participants compelled to

restore their ill-gotten gain to the coffers of the corporation.''

Ohio Jurisprudence, vol. 10, Section 246, page 356, in discussing the right of a stockholder to maintain an action, says: ''Primarily, the right to maintain actions to recover for the alleged negligence, fraud, or misconduct of directors and officers, resulting in the depletion of the corporate property, is in the corporation itself; damage which results from the fraudulent or negligent management of the corporation is primarily damage to the corporation and to the corporate assets; it affects the stockholders only indirectly, and all of them alike; therefore, when stockholders bring an action against directors for any misconduct, it is the corporation, after all, that is suing. It is the corporation's action, only set in motion by the stockholders, because the corporation was made helpless by the erring directors; the other stockholders are allowed to bring the action in order to right a wrong that would otherwise go uncorrected. Such an action is held not to be an action against the corporation, but action for the benefit of the corporation against the directors individually.''

In *Shearer* v. *Union Mortgage Co.*, 28 Ohio App., 373, 162 N. E., 696, in the third proposition of the syllabus, it is held: ''Action by minority stockholder against corporation and its directors for accounting by directors of any money diverted to their own use held not action against corporation, but action for benefit of corporation and against directors individually.''

Bringing an action by a stockholder against a corporation to recover funds of the corporation wrongfully taken from the corporation by its officers or others is not an action against the corporation, but in the corporation's favor.

In *Zinn* v. *Baxter,* 65 Ohio St., 341, 62 N. E., 327, it is held that where directors of a national bank had

violated the provisions of the National Banking Act, a shareholder may maintain an action; "but such action must be brought by such shareholder on behalf of himself and all the other shareholders, the bank must be made a party, the judgment must be in its favor, and the proceeds of such judgment will inure to the common benefit of all the shareholders alike." The opinion in this case refers to this proposition and sustains it by the citation of authorities.

"The suit, when brought by stockholders, is still a suit to enforce a right of the corporation, and to recover a sum of money due to the corporation; and the corporation is a necessary party, in order that it may be bound by the judgment. *Davenport* v. *Dows*, 18 Wall., 626 [21 L. Ed., 938]." *Porter* v. *Sabin*, 149 U. S., 473, 478, 13 S. Ct., 1008, 37 L. Ed., 815.

It follows that in the action brought by the plaintiff there is alleged no recovery by accounting or otherwise that could be had against the defendant, the Warren Telephone Company; but the only allegations of wrongdoing are against the directors and others of that company during the time of the wrongdoing, and any recovery that could be had under the allegations of the petition would not be against the Warren Telephone Company, the defendant, but in its favor. Without the wrongdoers, parties defendant, no recovery could be had, and no accounting would bring any money into the Warren Telephone Company, the innocent victim. So that no action was alleged in the petition against the Warren Telephone Company, and without a valid pending action the court had no power to appoint a receiver.

Further, prior to the bringing of this action, an entirely new board of directors had been appointed. Mr. Poole had been a director in some of the other companies named, in which the directors of defendant were also directors, and, no doubt, was an associate of the former directors, and interested with them

financially; but the four remaining directors are well-known citizens of Warren and no charges of wrong-doing are made against them. The corporation is the proper party to maintain an action for the wrongful taking of money or property from it, and a stockholder, without alleging sufficient reason for not making a demand on the directors to bring the action, is unable to maintain such an action until after he has asked the directors to bring the action and they have refused, or a reasonable time has elapsed after the demand for bringing the action and the directors have not done so.

"But, in addition to the existence of grievances which call for this kind of relief, it is equally important that before the shareholder is permitted in his own name to institute and conduct a litigation which usually belongs to the corporation, he should show to the satisfaction of the court that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated effort, with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court." *Hawes* v. *Oakland*, 104 U. S., 450, 460, 26 L. Ed., 827; *Porter* v. *Sabin, supra.*

It is true that the plaintiff is not a stockholder of the defendant company, but only a preferred stockholder of the Warren Ohio Telephone Company, which owns all the stock of the Warren Telephone Company. Plaintiff has only the right to bring this action that the Warren Ohio Telephone Company would have, and he was required to first call upon the directors of the Warren Company to bring the action before he could maintain the action. The plaintiff did not comply with this condition before bringing the action.

Appointing of a receiver is an "extraordinary provisional remedy," which cannot be resorted to in a

case brought by a stockholder to recover for the benefit of the corporation for loss caused to it by the fraud and wrongdoings of others, without alleging and proving that to leave the control and management of the property of the corporation in its regularly appointed board of directors and officers would occasion some damage or loss to the corporation. 10 Ohio Jurisprudence, page 1062, Sections 810, 811 and 812; Hoiles v. Watkins, supra, page 184, of 117 Ohio State; 23 Ruling Case Law, page 20, Section 14.

It is said that the present members of the board of directors were appointed by the former board of directors. Granting that they were, that would not determine that the directors intended to act wrongfully or illegally in the management of the property of the corporation; but that is hardly the case. Their appointment resulted from an arrangement between the old board of directors and certain citizens of Warren who had no interest adverse to the Warren Company. In addition to that, the four directors living in Warren, who would control the management of this property, testified that they only accepted directorates with a desire to do the best that could be done for the company.

It is further urged that the present board of directors appoint as general manager of this company a former employee, who had acted in the same capacity under the old board of directors; but that would not militate against these directors in their intention to operate this company. No charges are made against the party appointed by this board as general manager. In fact, there is no charge in the petition made of any improper or wrongful management of the physical property or in the operation of this company. There is no evidence that the present directors would not preserve and manage the property of the Warren Company honestly and efficiently.

For the above reasons the judgment of the court below appointing a receiver is reversed and set aside.

*Judgment reversed.*

Roberts, J., concurs.
Farr, J., dissents.