481 So.2d 1235 (1985)
Jack DUTCH, Appellant,
v.
Joseph GORDON, Max Hochman, Edna Wisser, Sam Lindenaur and Tall Trees Condominium, Inc., Appellees.
No. 85-970.
District Court of Appeal of Florida, Third District.
December 24, 1985.
Rehearing Denied February 18, 1986.
Hyman & Kaplan and Joseph H. Ganguzza, Miami, for appellant.
Joseph C. Segor, Miami, Leff, Pesetsky & Zack, North Miami Beach, for appellees.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
It has been established law in this state that before a stockholder or shareholder derivative action[1] can be maintained it is necessary for the complainant to serve a demand on the corporation and its proper officers requesting action on behalf of the corporation. Orlando Orange Groves Company v. Hale, 107 Fla. 304, 144 So. 674 (1932); Conlee Construction Company v. Cay Construction Co., 221 So.2d 792 (Fla. 4th DCA 1969); 8 Fla.Jur.2d, Business Relationships § 365; 18 C.J.S., Corporations § 564.
A demand[2] directed to a lawyer who may have represented the corporation, *1236 or condominium association, and certain individuals in a prior action is insufficient for several reasons. First, it was not directed to the nonprofit corporation, or condominium association, second, it did not demand that the corporation, or association, do anything, and lastly, it demanded that the writer of the letter receive certain funds from individuals within seven days. This cannot suffice as an appropriate demand which would require the officer of a corporation, or an association, to exercise a judgment in regard thereto. In this connection see the following authorities which require, as a condition precedent to bringing a derivative action, an opportunity to those in charge of the association to meet and consider the demand.[3]Bartlett v. New York, N.H. & H.R. Co., 221 Mass. 530, 109 N.E. 452 (1915); Warren Telephone Co. v. Staton, 46 Ohio App. 505, 189 N.E. 660 (1933); Vol. 13, Fletcher Cyclopedia Corporations § 5967.
Therefore for the reasons above stated the order dismissing the complaint for derivative action is affirmed.
Affirmed.
NOTES
[1] This opinion is not to be construed as passing on the validity of a derivative action by a unit owner against a condominium association.
[2] The appellant contends that the requirement of a demand, as a condition precedent to bringing a derivative action, has been removed in this state by the Legislature amending what was formerly Section 608.131 of the Florida Statutes, (1975) by the elimination of the following provision: "(2) The complaint must set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board of directors of such corporation or the reasons for not having made such efforts." We do not agree with this argument because the Legislature had no right in the first instance to legislate on the subject of practice and procedure, Art. 5, Section 2(a) Constitution of the State of Florida (1968 as amended 1972), and the repeal of this section was merely a recognition that the prior statute was an infringement on the judicial department.
[3] See footnote 1.