**GRAND COUNCIL OF OHIO, The Order of United Commercial Travelers of America, et al., Appellants,**

**v.**

**OWENS et al., Appellees.**

[Cite as *Grand Council of Ohio v. Owens* (1993), 86 Ohio App.3d 215.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–550.

Decided Feb. 4, 1993.

*Henry W. Eckhart,* for appellants.

*Schottenstein, Zox & Dunn, Kevin R. McDermott* and *Keith Gizzi,* for appellees Gerald Milton Owens, Supreme Counselor, et al.

*Charles D. Underwood,* for appellee Al Vest, Inc.

---

DESHLER, Judge.

This is an appeal by plaintiffs from the judgment of the Franklin County Court of Common Pleas sustaining defendants' motion to dismiss.

On December 10, 1991, a complaint was filed by plaintiffs, the Grand Council of Ohio, the Order of United Commercial Travelers of America ("UCT") and Grand Counselors Association, along with twenty-seven individual members of UCT. The complaint averred that UCT is a fraternal benefit society, formed pursuant to R.C. Chapter 1702 as a nonprofit corporation. It was further averred that the Grand Council of Ohio is a subordinate council of UCT by virtue of a charter granted by the supreme council and that each of the named plaintiffs from Ohio are members of the Grand Council of Ohio and of UCT.

The complaint named as defendants UCT,[1] Al Vest, Inc., and twelve individuals. Ten of the individual defendants were alleged to be either current or past members of the Board of Governors of UCT. The remaining defendants were James Monroe, averred to be the "General Manager" in charge of "administering the day to day business operations of the Order," and Allen Houk, averred to be the "Director of Administrative Support during the time of the matters com-

---

1. Plaintiffs' complaint averred that "UCT is joined as a nominal defendant and this action is brought for the benefit of UCT and its members."

plained of herein." The complaint alleged that defendant Al Vest, Inc., was an Ohio corporation owned and operated by defendant Houk.

Plaintiffs' complaint asserted twelve claims against the defendants, including breach of fiduciary duty, conversion, waste, mismanagement and reckless disregard for the best interests of the order. Claims I, II, III, IV, V, VI, VII and X sought declaratory judgments on the basis that certain acts of defendants constituted a breach of fiduciary duties owed to UCT. Claims VIII, IX, XI and XII sought injunctive relief against the defendants.

On January 7, 1992, all of the defendants, with the exception of Al Vest, Inc., filed a motion to dismiss asserting lack of subject matter jurisdiction, pursuant to Civ.R. 12(B)(1), and/or a failure to state a claim for which relief can be granted, pursuant to Civ.R. 12(B)(6). By entry dated February 7, 1992, the trial court sustained defendants' motion to dismiss, concluding that it was without jurisdiction over the matter based upon the language of R.C. Chapter 3921.

On February 21, 1992, defendant Al Vest, Inc., filed a motion to dismiss pursuant to Civ.R. 12(B)(6). By decision and entry dated March 31, 1992, the trial court sustained the motion on the basis previously stated in the entry of February 7, 1992.

On appeal, plaintiffs assert two assignments of error for review:

"1. The trial court erred as a matter of law in sustaining the Motion To Dismiss of the Defendants–Appellants Gerald Milton Owens, et al., of the Plaintiffs–Appellants complaint on the basis that it was without jurisdiction in these matters.

"2. The trial court erred as a matter of law in sustaining the Motion To Dismiss of the Defendant–Appellant Al Vest, Inc. of the Plaintiffs–Appellants complaint on the basis that it had previously determined it was without jurisdiction in these matters."

As a preliminary matter, we address a motion filed by defendants seeking an order "dismissing for lack of jurisdiction all purported Plaintiffs–Appellants which are not specified in the Notice of Appeal." The basis for defendants' motion to dismiss is that the original notice of appeal filed by defendants on April 23, 1992, stated in pertinent part that "[n]otice is hereby given that The Grand Council of Ohio, The Order of United Commercial Travelers of America, et al. (the 'plaintiffs' herein), hereby appeal * * *." Defendants contend that the phrase "et al.," contained in both the caption and in the body of the notice of appeal, is inadequate to meet the requirements of App.R. 3(D), which provides that "[t]he notice of appeal shall specify the party or parties taking the appeal." Thus, defendants contend, plaintiffs' failure to specify each of the individual

plaintiffs-appellants in the notice of appeal precludes jurisdiction by this court over the appeal of any plaintiffs other than UCT.

Although we may agree with the contention that plaintiffs should have listed each of the individual appellants in the notice of appeal, rather than attempting to designate them under the phrase "et al.," we disagree with defendants' contention that the failure to do so precludes any jurisdiction by this court over the appeal of any plaintiffs other than UCT. App.R. 3(A) provides that:

" * * * Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal. * * * "

We note that in the present case plaintiffs filed with this court a motion for leave to file an amended notice of appeal to specifically set forth and name each of the individual appellants involved in this appeal. This court subsequently granted plaintiffs' motion. The amended notice of appeal clearly apprised defendants of the specific appellants. Inasmuch as any alleged defect is non-jurisdictional, and no prejudice to defendants resulted from the failure to specifically list the individual appellants in the original notice of appeal, defendants' motion to dismiss is not well taken and is denied.

Plaintiffs' two assignments of error are interrelated and will be considered together. Both assignments raise the basic issue of whether the trial court erred in dismissing plaintiffs' complaint for lack of jurisdiction.

In addressing the issue of whether the trial court erred in granting defendants' motion to dismiss, we first consider the differing contentions made by the parties concerning the underlying nature of this action. Plaintiffs maintain that they have brought their complaint under Civ.R. 23 as a class action suit on behalf of the approximately 135,000 members of UCT. Defendants, on the other hand, assert that plaintiffs' suit is not properly a class action, but rather derivative in nature, and therefore subject to the requirements of Civ.R. 23.1.

One commentator has noted the following distinctions between derivative actions and individual or nonderivative class actions:

"Where the basis of the action is a wrong to the corporation, redress must be sought in a 'derivative' action. The stockholders' derivative action, like the pure 'class' action, was an invention of equity as a form of 'representative' action. But the incidents and characteristics of derivative and class actions are quite different. In the stockholders' derivative action the right of the plaintiff to maintain the action is derivative or secondary. The corporation is not a mere formal, but is an indispensable party to the action. The stockholder, as a nominal party, has no right, title or interest in the claim itself. On the other hand, in the pure 'class'

action a person who has an individual or primary claim may bring an action on behalf of all persons similarly situated. A recovery in a class action belongs directly to the shareholders. Although stockholders with individual claims may have the benefits of the class action device, its use in this context gives rise to no special rules, whereas the stockholders' derivative action is surrounded by numerous restrictions which stem from the nature of the corporate structure. * * * " Fletcher Cyc. Corp. (Perm.Ed.1984), Section 5908, at 411–412.

Our analysis begins with an examination of the allegations set forth in plaintiffs' complaint. In analyzing whether a complaint states a derivative claim or a direct claim, the court is required to look to the nature of the alleged wrong rather than the designation used by plaintiffs. *Rabkin v. Philip A. Hunt Chem. Corp.* (Del.Ch.1986), 547 A.2d 963, 968. See, also, *Adair v. Wozniak* (1986), 23 Ohio St.3d 174, 176, 23 OBR 339, 340, 492 N.E.2d 426, 427 (a court must preliminarily determine if pleadings state injury to plaintiff upon an individual claim as distinguished from injury which indirectly affects shareholders or affects them as a whole). The gravamen of plaintiffs' complaint is that defendants breached their fiduciary duties and engaged in acts which constituted waste, mismanagement and negligence or reckless disregard for the best interests of UCT. The claims raised by plaintiffs include allegations of improper salary advances to certain defendants and the improper use of funds, for the personal benefit of defendants, belonging to the account of UCT.

As a general proposition, actions for breach of fiduciary duties are to be brought in derivative suits. *Cole v. Ford Motor Co.* (W.D.Pa.1983), 566 F.Supp. 558, 568–569. As one Ohio court has noted:

" * * * 'Primarily, the right to maintain actions to recover for the alleged negligence, fraud, or misconduct of directors and officers, resulting in the depletion of the corporate property, is in the corporation itself; damage which results from the fraudulent or negligent management of the corporation is primarily damage to the corporation and to the corporate assets; it affects the stockholders only indirectly, and all of them alike; therefore, when stockholders bring an action against directors for any misconduct, it is the corporation, after all, that is suing. It is the corporation's action, only set in motion by the stockholders, because the corporation was made helpless by the erring directors; the other stockholders are allowed to bring the action in order to right a wrong that would otherwise go uncorrected. Such an action is held not to be an action against the corporation, but action for the benefit of the corporation against the directors individually.'

" * * * *

"Bringing an action by a stockholder against a corporation to recover funds of the corporation wrongfully taken from the corporation by its officers or others is not an action against the corporation, but in the corporation's favor." *Warren Tel. Co. v. Staton* (1933), 46 Ohio App. 505, 512, 189 N.E. 660, 663.

██  The allegations contained in each of the claims of plaintiffs' complaint, *i.e.*, corporate mismanagement, waste, negligence, and a breach of fiduciary duty to all members, are based upon rights of action which belong to the corporation itself. Inasmuch as the wrongs alleged by plaintiffs' complaint affect all shareholders equally, plaintiffs' action is derivative in nature.

Defendant's motion to dismiss before the trial court was predicated upon several grounds, including the contentions that plaintiffs had failed to exhaust their remedies prior to initiating this suit and to comply with the requirements of Civ.R. 23.1. Civ.R. 23.1 provides:

"In a derivative action brought by one or more legal or equitable owners of shares to enforce a right of a corporation, the corporation having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors and, if necessary, from the shareholders and the reasons for his failure to obtain the action or for not making the effort.  * * * "

Civ.R. 23.1 requires a plaintiff to allege with particularity that a demand has been made upon the directors to sue or to indicate the reasons for not making such a demand. "The demand requirement is essentially a requirement that a shareholder exhaust his intracorporate remedies before going to court with a derivative suit." *Evangelist v. Fid. Mgt. & Research Co.* (D.Mass.1982), 554 F.Supp. 87, 90. One federal court has held:

"The demand requirement is clearly not a technical procedural requirement. * * * Rather, it serves the very important purpose of ensuring that before a shareholder derivative suit is brought, the company's board of directors has considered all possible intracorporate remedies.  * * * In effect, it is analogous to the exhaustion of administrative remedies requirements in administrative law cases in that it requires the plaintiff to pursue all available avenues of extrajudicial remedies before filing suit.  * * * Therefore, the corporate management must be given the first opportunity to institute the litigation since, '[a]s a general principle, the responsibility for determining whether or not a corporation shall enforce in the courts a cause of action for damages is, like other business

questions, ordinarily a matter of internal management left to the discretion of the directors.' * * * " *Smachlo v. Birkelo* (D.Del.1983), 576 F.Supp. 1439, 1443.

In the present case, the trial court sustained defendants' motion to dismiss on the basis that it lacked jurisdiction over the matter pursuant to R.C. Chapter 3921. The trial court did not specifically indicate which provisions of R.C. Chapter 3921 it relied upon. However, we note that under R.C. 3921.26, the Superintendent of Insurance is vested with the authority to investigate the affairs of a domestic fraternal society, including an examination of whether a domestic society has "exceeded its powers" or is conducting its business "fraudulently or in a manner hazardous to its members * * * or the business * * *." R.C. 3921.26(A)(1) and (5). R.C. 3921.26(B)(4) provides that "[n]o action under this section shall be recognized in any court of this state unless brought by the attorney general upon request of the superintendent of insurance." Further, R.C. 3921.30 provides that "[n]o application or petition for injunction against any domestic * * * society * * * is recognized in any court of this state unless made by the attorney general upon request of the superintendent of insurance."

Plaintiffs assert that R.C. 3921.26 applies only to those cases in which the Superintendent of Insurance upon investigation finds that a domestic society has committed certain prohibited or wrongful acts. Plaintiffs contend that the statute is not meant to be an exclusive remedy and does not specifically bar plaintiffs from seeking their own remedy in the trial court. Plaintiffs further maintain that while R.C. 3921.30 may prohibit injunctions against a fraternal benefit society itself, it does not prohibit injunctions against the individual defendants in this action. Further, plaintiffs argue that the complaint seeks other relief in addition to injunctions. Defendants, on the other hand, assert that all of plaintiffs' claims are encompassed within the provisions of R.C. 3921.26, and that members of UCT cannot sue UCT directly because that authority is reserved exclusively to the Attorney General.

■ Even assuming, without deciding, that some or all of the claims raised by plaintiffs are not precluded by the language of R.C. Chapter 3921, plaintiffs lack standing to sue in a derivative action because they have failed to satisfy the pre-suit demand requirements of Civ.R. 23.1. There are no allegations in plaintiffs' complaint indicating that a demand was made upon the corporation or that the corporation refused to follow a demand. Nor are there any allegations setting forth the reasons for the failure to make a demand. Accordingly, the judgment of the trial court sustaining defendants' motion to dismiss, although predicated upon different grounds, was not in error because plaintiffs have failed to satisfy a condition precedent to bringing a derivative action.

Because any potential right of plaintiffs to bring a derivative action has not come into existence, we decline to address the issue of whether there are

provisions of R.C. Chapter 3921 which would preclude any or all of the claims contained in plaintiffs' complaint. However, due to the generally restrictive role of courts in entertaining actions involving internal controversies within a fraternal benefit association, and given the posture of plaintiffs' complaint, we note the following as it relates to the record in this case and such actions in general. It is generally held that:

" * * * [I]n matters of policy, discipline or internal economy of a voluntary association, wherein the members have mutually agreed upon a charter or rules, the decision of the association itself is supreme. * * * In the absence of mistake, fraud or management activity in excess of its corporate powers, a decision by such association in accord with its own charter and rules made by the governing body must be accepted by courts of law. * * * " *Putka v. First Catholic Slovak Union* (1991), 75 Ohio App.3d 741, 748, 600 N.E.2d 797, 802.

As previously noted, analogous to the demand requirement contained in Civ.R. 23.1 is the requirement that shareholders exhaust their remedies before invoking the jurisdiction of the courts. In the case of fraternal benefit associations, where membership is purely voluntary, the exhaustion-of-remedies requirement is critical. In general, a member of a mutual benefit society " * * * must exhaust his remedies within a mutual benefit order before resorting to the courts, where he has voluntarily submitted himself to the laws of such order, which so provide." 18 Couch on Insurance 2d (Rev.Ed.1983) 400–401, Section 73:36. Concerning matters of discipline, remedies must first be exhausted " * * * because, since the association has complete jurisdiction in such matters, the courts will not review even the regularity of their proceedings until the internal remedies have been availed of." *Id.*, 2A at 95, Section 20:80.

■ We note that apart from statements made during oral argument and contentions set forth in plaintiffs' briefs before the trial court and this court, the record is unclear as to what efforts have been made by plaintiffs to exhaust their remedies within the order itself. Plaintiffs' complaint contains no averments that any internal remedies were pursued or exhausted prior to their attempt to invoke the jurisdiction of the trial court. Further, it is unclear from the record as to what particular constitutional provisions, bylaws, regulations or forum may be available within the order itself for hearing or determining internal controversies between the members and the order. The Ohio Supreme Court has held that where a tribunal exists by which members of a fraternal order are to seek redress of their grievances, the proper practice is for the aggrieved members " * * * to plead the existence of such tribunal, if there is one, in the petition, and aver that the plaintiff has exhausted his remedies in the lodge, and has a cause of action against the lodge in the civil courts, setting out the facts which give him such cause of action." *Myers v. Jenkins* (1900), 63 Ohio St. 101, 116, 57 N.E.

1089, 1092. Thus, given the limited role of the courts to entertain actions dealing with matters of policy, discipline or internal economy of such voluntary associations, and even assuming that relief from a court might be available, it is in most instances imperative for members of a voluntary association to show that they have properly exhausted remedies afforded to them within the organization before attempting to seek the jurisdiction of the courts.

Because plaintiffs have failed to meet the standing requirements of Civ.R. 23.1, the trial court did not err in sustaining defendants' motion to dismiss. Plaintiffs' two assignments of error are not well taken and are overruled. Accordingly, the judgment of the trial court, granting defendants' motion to dismiss, is affirmed.

*Defendants' motion overruled;*
*judgment affirmed.*

McCORMAC, P.J., and BOWMAN, J., concur.

JOHN W. McCORMAC, Judge, retired, of the Tenth Appellate District, sitting and determining the opinion prior to retirement.