OPINION
{¶ 1} Melynda C. Demore appeals from the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, denying her motion for genetic testing in a child support dispute with her former husband, Richard C. Demore. We affirm.
 {¶ 2} Melynda and Richard were married November 25, 1995, in Willoughby, Ohio. There was issue of the marriage: Austin James Demore, born March 28, 1996. *Page 2 
February 27, 2002, the trial court granted the Demores a decree of dissolution. The decree incorporated the terms of a separation agreement between the parties. Pursuant to these terms, the trial court recognized that Melynda owed $90.12 per month in child support to Richard, the designated custodial and residential parent, but that the support should be deviated to zero, in view of the extensive visitation granted Melynda. Melynda was further obligated to pay one quarter of Austin's ordinary and extraordinary medical and dental expenses. It appears that these terms sprang, in part, from Melynda's limited income as a waitress.
 {¶ 3} June 29, 2007, Richard filed a motion to establish child support, supported by his affidavit. Richard argued the prior deviation should be altered for three reasons: (1) Melynda had not exercised her parenting time; (2) she had failed to cover her portion of Austin's medical and dental expenses; and, (3) her income had increased.
 {¶ 4} August 9, 2007, Melynda moved the trial court pursuant to R.C.3111.09 for an order requiring genetic testing of Richard, herself, and Austin. August 20, 2007, Richard filed his motion for an order denying genetic testing.
 {¶ 5} September 4, 2007, the trial court filed its judgment entry, denying Melynda's motion. The trial court cited three reasons for the denial. First, it found the motion procedurally unsound, as it failed to include an affidavit in support, as required by Lake County Loc.R. 3.01(D). Second, relying on the decision of the Tenth Appellate District in Van Dusen v. Van Dusen, 151 Ohio App.3d 494, 2003-Ohio-350, at ¶20-21, it found the motion barred by res judicata, since the issue of Austin's parentage was disposed of in the decree of dissolution, granted more than five years previously. Third, *Page 3 
the trial court found the motion inequitable, and cruel to Austin, Richard having acted as sole residential parent since the time of the dissolution.
 {¶ 6} September 27, 2008, Melynda noticed this appeal, assigning one error:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERRULNG APPELLANT'S MOTION FOR GENETIC TESTING."
 {¶ 8} Melynda presents two issues in support of her assignment of error. First, she argues the provisions of Lake County Loc.R. 3.01(D) are vague, in that they do not prescribe when an affidavit must be attached to a motion; further, that the provisions of a local rule of court may not override a statute. Melynda argues that R.C. 3111.09
mandates trial courts grant an order for genetic testing when a party to a domestic proceeding so requests.
 {¶ 9} Second, Melynda argues res judicata does not apply to a determination of paternity. She relies on R.C. 3119.961, which she alleges allows her to challenge the prior determination of Austin's paternity at any time.
 {¶ 10} It is well-established that the inferior courts of Ohio may promulgate local rules. See, e.g., Sup.R. 5(A). However, those rules may not conflict with either a rule adopted by the Supreme Court of Ohio, see, e.g., Civ.R. 83(A); or with statute. Cf. In re Estate ofDuffy, 148 Ohio App.3d 574, 2002-Ohio-3844, at ¶ 20. Melynda contends Lake County Loc.R. 3.01(D) conflicts with R.C. 3111.09. We disagree.
 {¶ 11} Lake County Loc.R 3.01(D) provides, in pertinent part: "All motions shall be in writing and supported by a brief and/or affidavit where appropriate. * * *"
 {¶ 12} R.C. 3111.09(A)(1) provides, in pertinent part: *Page 4 
 {¶ 13} "In any action under sections 3111.01 to 3111.18 of the Revised Code, the court * * * upon the motion of any party to the action, shall order the child's mother, the child, the alleged father, and any other person who is a defendant in the action to submit to genetic tests. * * *"
 {¶ 14} Sup.R. 5(A)(1) provides, in pertinent part: "Nothing in these rules prevents the adoption of any local rule of practice that promotes the use of any device or procedure to facilitate the expeditious disposition of cases. * * *"
 {¶ 15} Melynda objects that Lake County Loc.R. 3.01(D) does not specify when an affidavit is appropriately attached to a motion. However, the rule clearly requires either a brief or affidavit be attached. As the issue of Austin's paternity is a factual matter, of which Melynda, as his mother, necessarily has some knowledge, we can see no conflict between the local rule and the statute. R.C. 3111.09(A)(1) may require, in appropriate instances, that the trial court order genetic testing in a parentage action. However, pursuant to Sup.R. 5(A)(1), all that Lake County Loc.R. 3.01(D) requires is that the party demanding such an order provide the trial court with some factual or legal basis for the order, to "facilitate the expeditious disposition" of the case.
 {¶ 16} The first issue is without merit.
 {¶ 17} Second, Melynda argues the trial court erred in finding that the prior adjudication of Austin's paternity constitutes res judicata. In so doing, the trial court relied on the decision of the Tenth District in Van Dusen, supra, a case principally concerned with the interpretation of R.C. 3119.961, 3119.962, and 3119.967. On appeal, Melynda argues that R.C. 3119.961 allows her to challenge Richard's paternity of Austin at any time. *Page 5 
 {¶ 18} We find the arguments inapposite. R.C. 3119.961(A) reads, in pertinent part:
 {¶ 19} "Notwithstanding the provisions to the contrary in Civil Rule 60(B) and in accordance with this section, a person may file a motion for relief from a final judgment, court order, or administrative determination or order that determines that the person or a male minor * * * is the father of a child or from a child support order under which the person or male minor is the obligor. * * *"
 {¶ 20} Thus, by its very language, R.C. 3119.961(A) only allows putative fathers — males, adult or minor — to challenge a prior finding of paternity outside the parameters of Civ.R. 60(B). Melynda cannot benefit from that statutory section. Her only recourse is the one she took — a motion for genetic testing pursuant to R.C. 3111.09. However, such motions can only be brought in actions under sections 3111.01 to3111.18 of the Revised Code — i.e., parentage actions. This is not a parentage action: it is an action for child support. Without reaching the issue of res judicata, we find the motion was improperly brought in this setting.
 {¶ 21} The second issue is without merit.
 {¶ 22} The judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed. It is the further order of this court that appellant, Melynda C. Demore, is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur. *Page 1