[Cite as *Torbeck v. Indus. Mfg. Co.*, 2015-Ohio-3041.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RICHARD TORBECK, | : | APPEAL NO. C-140533 |
| | | TRIAL NO. A-0909776 |
| Plaintiff-Appellant, | : | |
| and | : | *O P I N I O N.* |
| TORBECK INDUSTRIES, INC., | : | |
| Plaintiff, | : | |
| vs. | | |
| | : | |
| INDUSTRIAL MANUFACTURING COMPANY, | : | |
| PENCO PRODUCTS, INC., | : | |
| and | : | |
| MERLYN JARMAN, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: July 31, 2015

*Freking & Betz, LLC*, *Randolph H. Freking* and *Brian P. Gillan,* and *Matt Miller-Novak, Godbey & Associates*, for Plaintiff-Appellant,

*Vorys, Sater, Seymour, and Pease L.L.P., Daniel Buckley, Mary C. Henkel, J.B. Lind, David F. Hine* and *Katherine G. Barnes*, for Defendants-Appellees.

Please note: this case has been removed from the accelerated calendar.

**MOCK, Judge.**

{¶1} Plaintiff-appellant Richard Torbeck appeals the trial court's entry granting judgment to defendants-appellees Industrial Manufacturing Company, Penco Products, Inc., and Merlyn Jarman on plaintiff Torbeck Industries, Inc.'s, claims for breach of the duty of loyalty and misappropriation of trade secrets. Because Torbeck lacks standing to pursue these claims, which were brought solely by Torbeck Industries, we dismiss the appeal.

### Factual and Procedural Posture

{¶2} Torbeck Industries and its principal shareholder and president, Richard Torbeck, sued Industrial Manufacturing Company, Penco Products, Inc., and Jarman ("the defendants"). In the third amended complaint, Torbeck Industries alleged claims for breach of contract, tortious interference with business relationships, misappropriation of trade secrets, fraud, breach of the duty of loyalty, and civil conspiracy. Both Torbeck and Torbeck Industries alleged claims for fraud and civil conspiracy.

{¶3} The defendants filed a motion to bifurcate the case as to liability and damages, which the trial court granted. Following a bench trial on liability, the trial court issued a decision in favor of Torbeck Industries on its claims for breach of contract, tortious interference with a contract, misappropriation of trade secrets, and breach of the duty of loyalty. The trial court took the civil conspiracy and fraud counts under submission. It dismissed the remaining claims.

{¶4} A damages trial subsequently took place. At the close of the plaintiffs' case, the defendants moved for a directed verdict, which the trial court granted. The trial court subsequently issued a decision dismissing the claims which it had taken under

2

submission. As a result, the trial court entered a final judgment for the defendants on all of the plaintiffs' claims.

{¶5} Torbeck filed a timely notice of appeal. The caption of the notice of appeal listed "Torbeck Industries et al." as plaintiffs and "Industrial Manufacturing Co. et al" as defendants. The body of the notice of appeal, however, stated that "Notice is hereby given that Plaintiff Richard Torbeck appeals to the Court of Appeals from the order granting the defendants' motion for a directed verdict * * * ." The notice of appeal, likewise, listed counsel as attorneys for the appellant (singular).

{¶6} In three assignments of error, Torbeck argues the trial court erred in granting the defendants' motion for a directed verdict on Count X for breach of the duty of loyalty and Count VII for misappropriation of trade secrets, and for failing to award punitive damages as to the misappropriation-of-trade secrets claim.

{¶7} The defendants argue that Torbeck cannot appeal from the judgment on those counts, because the claims were brought by Torbeck Industries, which is not a party to this appeal because it was not listed as an appellant in the notice of appeal. Thus, the defendants argue that we are precluded from considering any arguments on behalf of Torbeck Industries.

{¶8} App.R. 3(D) provides that the notice of appeal "shall specify the party or parties taking the appeal." In *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317-318, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the United States Supreme Court held that a notice of appeal that contained the designation "et al." failed to provide the notice required under Fed.R.App.P. 3 and acted as a jurisdictional bar to those parties who were not expressly named in the notice of appeal.

{¶9} In *Transamerica Inc. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995), the Ohio Supreme Court addressed the dismissal of an appeal for lack of

jurisdiction where the notice of appeal had designated the appellants as "Dennis Wallace et al." The Twelfth District Court of Appeals, relying upon *Torres*, had held that it lacked jurisdiction to hear Linda Wallace's appeal because the notice of appeal failed to specific the party or parties taking the appeal in compliance with App.R. 3(D). *Id.* at 321.

{¶10} The Ohio Supreme Court acknowledged the similarity between App.R. 3(D) and Fed.R.App.P. 3, but declined to interpret the Ohio rule as strictly as the *Torres* court had interpreted the federal rule. In doing so, the Supreme Court focused on the language in App.R. 3(A), which provides the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." *Id.* at 322.

{¶11} The Ohio Supreme Court held that

[p]ursuant to App.R. 3(A), the only jurisdictional requirement for a valid appeal is the timely filing of a notice of appeal. [Thus], when presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal are warranted, and its discretion will not be overturned absent an abuse of discretion.

*Id.* at syllabus.

{¶12} Thus, the Ohio Supreme Court held that the notice of appeal, which had designated the appellants as "Dennis Wallace et al," was not a jurisdictional defect and did not bar the appellate court from hearing the appeal of Dennis Wallace's wife, Linda Wallace. *Id.* at 322. The court held that the use of the term "et al." might not always be appropriate, but that the appellees were not prejudiced by

4

use of the designation because "all parties were aware of the interests of Linda Wallace and proceeded under the assumption that she was a party." *Id.* Therefore, the Ohio Supreme Court held that the court of appeals had abused its discretion by dismissing her appeal. *Id.* at 322-323.

{¶13} In *Grand Council of Ohio v. Owens*, 86 Ohio App.3d 215, 218, 620 N.E.2d 234 (10th Dist.1993), which predated the Supreme Court's opinion in *Transamerica*, the Tenth Appellate District "addressed a motion filed by defendants seeking an order 'dismissing for lack of jurisdiction all purported plaintiffs-appellants which [we]re not specified in the notice of appeal.' " The original notice of appeal filed by the plaintiffs had stated: "[n]otice is hereby given that The Grand Council of Ohio, the Order of United Commercial Travelers of America ("UCT"), et al. (the plaintiffs herein), hereby appeal * * *." The defendants argued that the phrase "et al." contained in both the caption and in the body of the notice of appeal was inadequate to meet the requirements of App.R. 3(D), which provides that "[t]he notice of appeal shall specify the party or parties taking the appeal." Thus, the defendants maintained that the plaintiffs' failure to specify each of the individual appellants in the notice of appeal precluded the court of appeals from exercising jurisdiction over the appeal of any plaintiffs except UCT.

{¶14} The Tenth District disagreed. It acknowledged that while the better practice may be to name all the parties appealing, App.R. 3(A) did not make such a requirement jurisdictional. *Id.* at 219. The Tenth District further noted that the plaintiffs had subsequently filed a motion to amend the notice of appeal to name every party, which the court had granted. As a result, it denied the defendants' motion to dismiss the appeal. *Id.*

5

{¶15} In this case, Torbeck argues that we should employ the reasoning in *Transamerica* and *Grand Council* to permit the appeal by Torbeck Industries. But we find both cases to be factually distinguishable. Here, there is no defect on the face of the notice of the appeal. The caption of the notice of appeal states: "Torbeck Industries, et al" plaintiffs. The body of the notice of appeal, however, designates only Richard Torbeck as the appellant and does not use the term "et al.," as did the notices of appeal in *Transamerica* and *Grand Council*. The notice of appeal also lists counsel as attorneys for the appellant (singular). Because Torbeck Industries is not designated as an appellant in the notice of appeal, it is not a party to this appeal. *See State v. Langston*, 6th Dist. Lucas No. L-12-1014, 2012-Ohio-6249, ¶ 12.

{¶16} In the third amended complaint, Torbeck did not allege an interest in Counts VII (misappropriation of trade secrets) and X (breach of the duty of loyalty), and the complaint specified only that Torbeck Industries alleged damages as to those claims. Yet, Torbeck challenges on appeal the trial court's ruling on the defendants' motion for a directed verdict on Torbeck Industries' claims for breach of the duty of loyalty and misappropriation of trade secrets, claims that were raised only by Torbeck Industries. Torbeck, however, has no standing to assert error as to these claims.

{¶17} Generally, a litigant must assert his own rights and not the rights of third parties. *City of N. Canton v. City of Canton*, 114 Ohio St.3d 253, 2007-Ohio-4005, 871 N.E.2d 586, ¶ 14. Ohio law provides that a duty of loyalty is owed to the corporate employer, not its officers. *See Veterinary Dermatology, Inc. v. Bruner*, 1st Dist. Hamilton No. C-040648, 2005-Ohio-5552, ¶ 16 ("In order to demonstrate that an employee breached her duty of loyalty, the employer must demonstrate that the employee engaged in competition with the employer."). Likewise, Ohio law provides

that the company, not its corporate officer, owns the company's trade secrets. Therefore, Torbeck has no standing to assert error as to those claims on Torbeck Industries' behalf. *Century Business Servs. v. Barton*, 197 Ohio App.3d 352, 2011-Ohio-5917, 967 N.E.2d 782, ¶ 28 (8th Dist.) (noting that trade secrets belonged to corporation, not its president and CEO).

{¶18} Because Torbeck did not raise these claims in the trial court and was not aggrieved by the judgment relating to misappropriation of trade secrets and the duty of loyalty, he lacks standing to challenge the trial court's judgment as it relates to those claims. *See Langston*, 6th Dist. Lucas No. L-12-1014, 2012-Ohio-6249, at ¶ 8 ("[a]n appeal lies only on behalf of an aggrieved party who must demonstrate that he has a present interest in the litigation and is prejudiced by the judgment appealed from."); *Trust U/W of A.J. Woltering*, 1st Dist. Hamilton No. C-970913, 1999 Ohio App. LEXIS 420, *4-5 (Feb. 12, 1999). As a result, we dismiss Torbeck's appeal.

Appeal dismissed.

**HENDON, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

The court has recorded its own entry this date.