[Cite as *LV Reis, Inc. v. Hamilton Cty. Bd. of Revision*, 2017-Ohio-7627.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LV REIS, INC., | : | APPEAL NO. C-160732 |
| | | TRIAL NO. A-1503917 |
| Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| THE BOARD OF REVISION OF | : | |
| HAMILTON COUNTY, OHIO, | | |
| | : | |
| DUSTY RHODES, AUDITOR, | | |
| HAMILTON COUNTY, OHIO, | : | |
| | | |
| and | : | |
| | | |
| READING CITY SCHOOL DISTRICT | : | |
| BOARD OF EDUCATION, | | |
| | | |
| Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 15, 2017

*Strauss Troy Co., LPA,* and *Philomena S. Ashdown*, for Appellant,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Thomas Scheve* and *Jeremiah Seebohm*, Assistant Prosecuting Attorneys, for Appellee Dusty Rhodes, Hamilton County Auditor,

*Ennis Britton Co., LPA,* and *Gary T. Stedronsky*, for Appellee Reading School District Board of Education.

**DETERS, Judge.**

{¶1}   Appellant LV Reis, Inc., ("LV Reis") appeals from the decision of the Hamilton County Court of Common Pleas dismissing its appeal from a decision of the Hamilton County Board of Revision ("board of revision").  We find no merit in LV Reis's two assignments of error, and we affirm the trial court's judgment.

{¶2}   LV Reis, a Nevada corporation, filed a complaint for the 2014 tax year with the board of revision in which it sought to reduce the value of property it owned at 8109 Reading Road from $1,003,950 to zero.  It later amended its requested value from zero to $375,000.  The amended value was based on the price it had paid for the property at a private sale.

{¶3}   The Reading School District Board of Education ("the school district") filed a counter-complaint seeking to maintain the value assigned by Dusty Rhodes, Hamilton County Auditor ("the auditor").  Following a hearing, the board of revision maintained the auditor's value.

{¶4}   LV Reis appealed the board of revision's decision to the common pleas court.  The auditor and the school district argued that the appeal should be dismissed because LV Reis was a foreign corporation that was not licensed to do business in Ohio.  Therefore, it could not maintain an action under R.C. 1703.29.  The magistrate agreed and recommended that the appeal be dismissed.   The magistrate also stated that "[i]n the event that the decision to dismiss the appeal is overturned by [the trial court] or otherwise, the Magistrate further finds that the sale in question was not an arm's length transaction[,]" and that the board of revision's decision to "maintain the Auditor's value of $1,003,950 was correct and is hereby affirmed."

{¶5} LV Reis filed objections to the magistrate's decision 17 days after the decision and accompanying findings of fact and conclusions of law were journalized. The auditor and the school district filed a joint motion to strike the objections because they were not timely filed. The common pleas court granted the motion to strike and adopted the magistrate's decision in full. This appeal followed.

{¶6} LV Reis presents two assignment of error for review. We discuss its second assignment of error first. In that assignment of error, LV Reis contends that the common pleas court erred in granting the motion to strike its objections to the magistrate's decision. It argues that based on a local rule, it had 17 days rather than 14 to file its objections. This assignment of error is not well taken.

{¶7} Under Civ.R. 53(D)(3)(b), LV Reis had 14 days from the date the magistrate issued his decision with accompanying findings of fact and conclusions of law to file objections. The magistrate's decision was journalized on April 5, 2016. LV Reis filed its objections on April 22, 2016, three days late. It claims that it had an extra three days to file objections based on language in Loc.R. 23 of the Hamilton County Court of Common Pleas Rules of Practice. That rule refers to "[t]he 14-day time limit established by Civ.R. 53 and modified to 17 days by the First District Court of Appeals * * * ."

{¶8} The rule's language was apparently based on this court's decision in *Cheviot v. Siciliano*, 1st Dist. Hamilton No. C-961039, 1998 WL 293857 (June 5, 1998). In that case, we stated that reading former Civ.R. 53(E) and former Civ.R. 6(E) "in pari materia, we hold that when a magistrate's decision is served on the parties by ordinary mail, three days must be added to the time prescribed for the filing of objections to the decision." *Id.* at *1.

**{¶9}** We overruled that decision in *Sipes v. Martini*, 1st Dist. Hamilton No. C-100025, 2010-Ohio-4598. We stated that the Ohio Supreme Court had held, contrary to our decision in *Siciliano*, that former Civ.R. 6 did not extend the time for filing objections to a magistrate's decision under Civ.R. 53. *Id.* at ¶ 3. Thus, "a party may, as a general rule, object to a magistrate's decision only within 14 days of the decision's filing." *Id.*

**{¶10}** While the local rule is incorrect and should be changed, LV Reis should not have relied solely on the local rule. It conflicts with Civ.R. 53, which clearly states that the objections must be filed in 14 days. When a local rule conflicts with a state rule of procedure, the state rule controls. *Demore v. Demore*, 11th Dist. Lake No. 2007-L-164, 2008-Ohio-1328, ¶ 10; *Hollinghead v. Bey*, 6th Dist. Lucas No. L-99-1351, 2000 WL 1005205, *4 (July 21, 2000). Further, Loc.R. 1 of the Hamilton County Court of Common Pleas Rules of Practice provides that "[t]he purpose of these rules is to define local practices and procedures of this Court, consistent with * * * the Rule [sic] of Civil and Criminal Procedure * * * and such other rules as may be adopted or promulgated by the Supreme Court of Ohio[.]"

**{¶11}** We also note that the magistrate's decision stated that the parties had 14 days from the filing date of the magistrate's decision to file objections. Under the circumstances, the trial court did not err in granting the motion to strike the objections, and we overrule LV Reis's second assignment of error.

**{¶12}** In its first assignment of error, LV Reis alleges that the trial court erred in adopting the magistrate's decision. It argues that the trial court erred in determining that it had no standing to maintain the appeal. It further argues that the common pleas court erred in affirming the decision of the board of revision not to reduce the value of the property in question and to keep the value set by the

auditor. We hold that the trial court correctly dismissed the appeal for lack of standing.

{¶13} As an initial note, the parties cite the standard of review applicable to appeals from decisions of the Board of Revision set forth in *Black v. Bd. of Revision*, 16 Ohio St.3d 11, 475 N.E.2d 1264 (1985), syllabus. It states:

R.C. 5717.05 does not require a trial de novo by courts of common pleas on appeals from decisions of county boards of revision. The court may hear the appeal on the record and evidence thus submitted, or, in its discretion, may consider additional evidence. The court shall independently determine the taxable value of the property whose valuation or assessment for taxation is complained of, or, in the event of discriminatory valuation, shall determine a valuation that corrects such discrimination. The judgment of the trial court shall not be disturbed absent a showing of abuse of discretion.

{¶14} But that standard only applies to the merits of the issue before the board. The issue of whether a party has standing to bring an action before the court is a question of law, which an appellate court reviews de novo. *State ex rel. Phillips Supply Co. v. Cincinnati*, 2012-Ohio-6096, 985 N.E.2d 257, ¶ 16 (1st Dist.).

{¶15} Further, Civ.R. 53(D)(3)(b)(iv) states that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law * * * , unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(b)(d)." Because LV Reis failed to file timely objections, we review for plain error. *Souder v. Souder*, 1st Dist. Hamilton No. C-150552, 2016-Ohio-3522, ¶ 31.

{¶16} R.C. 1703.03 provides that "[n]o foreign corporation * * * shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state." R.C. 1703.29 further provides that "[t]he failure of any corporation to obtain a license under sections 1703.01 to 1703.31 of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation that should have obtained such license shall maintain any action in any court until it has obtained such license."

{¶17} In general, the failure of a corporation to have an Ohio license is not jurisdictional. Instead, it is a defense to any action maintained by that corporation. *Novak v. Boyle*, 8th Dist. Cuyahoga No. 87165, 2005-Ohio-5839, ¶ 6; *P.K. Springfield, Inc. v. Hogan*, 86 Ohio App.3d 764, 770, 621 N.E.2d 1253 (2d Dist.1993). Therefore, adverse parties may move to dismiss the action, or in the absence of a motion, the trial court may dismiss the action on its own motion. The defense can be waived if not raised at the appropriate time. *P.K. Springfield* at 770.

{¶18} The phrase "maintain an action" as used in R.C. 1703.29 means either the commencement of the action or a continuation of an action that has already begun. *Id.* at 771. Further, the statute does not expressly provide an exception in cases where the corporation acquires a license prior to judgment or any time after it commences the action. "Thus, the failure of a corporation to procure the required license prior to maintaining an action violates R.C. 1703.29(A) and may be a sufficient basis for a judicial remedy for that violation, regardless of whether the corporation obtains a license prior to final judgment." *Id.*

{¶19} LV Reis is a Nevada corporation, and it was not licensed in Ohio when it filed its notice of appeal in the common pleas court. Consequently, it could not maintain the action under R.C. 1703.29. LV Reis argues that the auditor and the

school district waived the issue because they did not raise it in the proceedings before the board of revision. We disagree. The proceedings before the board were not "an action in any court" as provided in the statute. The auditor and the school district raised the issue of standing in the common pleas court, and therefore, they did not waive it.

{¶20} LV Reis argues that even if it does not have standing, Devas Desai, the former owner from whom they had bought the property, had standing and could raise its arguments. While technically Desai was a party to the proceedings before the board of revision, he was not named as a party in the body or the caption of notice of appeal filed in the common pleas court or in this court. Therefore, he was not a party to the administrative appeal. *See Torbeck v. Indus. Mfg. Co.*, 1st Dist. Hamilton No. C-140533, 2015-Ohio-3041, ¶ 15.

{¶21} After LV Reis filed objections to the magistrate's decision, its counsel filed a motion captioned "Motion of Devas Desai/PD Property LLC to be Added as an Additional Appellants [sic]." The trial court did not rule on the motion, and therefore, we presume that the court overruled it. *See Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 13; *Federman v. Christ Hosp.*, 1st Dist. Hamilton No. C-120484, 2013-Ohio-5507, ¶ 20.

{¶22} Further, the basis for the motion was Civ.R. 21. Civ.R. 21 only permits the addition of parties on the motion of a party or on the trial court's own initiative. It does not permit the addition of parties on the motion of a nonparty. *Whitehall v. Olander*, 10th Dist. Franklin No. 14AP-6, 2014-Ohio-4066, ¶ 29. The motion was made in Desai's name and he was not a party to the action in the common pleas court. Additionally, even if he was a party, Desai could not assert issues on LV Reis's

behalf. A litigant must assert his own rights and not the rights of third parties. *Torbeck* at ¶ 7.

{¶23} The common pleas court correctly found that LV Reis lacked standing to maintain the action because it was a foreign corporation not licensed to do business in Ohio. Therefore, the court did not err in dismissing the administrative appeal. But the court should not have reached the merits of the issue before the board of revision, and its language to that effect is merely dicta. We overrule LV Reis's first assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry this date.