[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ohio Stands Up!, Inc. v. DeWine*, Slip Opinion No. 2021-Ohio-4382.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-4382

THE STATE EX REL. OHIO STANDS UP!, INC., *v.* DEWINE, GOVERNOR, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ohio Stands Up!, Inc. v. DeWine*, Slip Opinion No. 2021-Ohio-4382.]**

*Prohibition—Mandamus—Relator lacks standing to seek relief in prohibition or mandamus—Cause dismissed.*

(No. 2021-0671—Submitted August 3, 2021—Decided December 16, 2021.)

IN PROHIBITION and MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this original action, relator, Ohio Stands Up!, Inc., seeks writs of prohibition and mandamus against respondents, Governor Mike DeWine and Kimberly Murnieks, Director of the Office of Budget and Management. Respondents have filed a motion to dismiss, which we grant.

**Background**

{¶ 2} This case concerns the "Vax-a-Million" lottery, which entailed the expenditure of more than $5 million to encourage Ohio residents to receive COVID-19 vaccinations. Ohio Stands Up!, Inc., an Ohio corporation, contends that the program was unconstitutional because it involved an expenditure of funds from the public treasury without the authorization of the General Assembly. Ohio Stands Up! further contends that the Vax-a-Million lottery was discriminatory because the only people who were eligible to win that lottery were those who were willing to "assume the risk of the 'vaccine.' " In addition, the complaint alleges that Governor DeWine has encouraged Ohio's children to undergo harmful genetic experimentation in violation of "the Nuremburg Code (1947) and accepted standards of international common law and treaties."

{¶ 3} In its prayer for relief, Ohio Stands Up! seeks a writ of prohibition to accomplish four ends: (1) to prevent respondents from "[i]llegally [s]pending" $5 million on the Vax-a-Million program, (2) to prevent Governor DeWine "from causing these mRNA 'vaccine' shots [to be] injected into Ohio's Children," (3) to prevent Governor DeWine from imposing mask mandates, business shut-downs, and other related measures in response to the COVID-19 health emergency, and (4) to compel Governor DeWine to "obey, respect, and honor the standards and requirements" of federal laws, including the Americans with Disabilities Act and the Rehabilitation Act of 1973. Additionally, in its first claim for relief, Ohio Stands Up! demands a writ of mandamus "to compel [Governor DeWine's] performance of his duty to seek the General Assembly's approval of all expenditures as required by Ohio Constitution Article II. *Legislative § 22 Appropriations*." (Underlining sic.)

{¶ 4} Respondents filed a motion to dismiss, which Ohio Stands Up! has opposed. Specifically, respondents assert that (1) Ohio Stands Up! lacks standing, (2) this court lacks subject-matter jurisdiction over the mandamus claim, (3) Ohio

Stands Up! cannot establish the requirements for a writ of mandamus, and (4) Ohio Stands Up! has failed to state a claim for a writ of prohibition.

**Analysis**

{¶ 5} A party must establish standing to sue before a court can consider the merits of the claim. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. An action brought by a party that lacks standing will be dismissed. *See State ex rel. Hills & Dales v. Plain Local School Dist. Bd. of Edn.*, 158 Ohio St.3d 303, 2019-Ohio-5160, 141 N.E.3d 189, ¶ 13.

{¶ 6} "To establish traditional standing, a party must show that the party has 'suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief.' " *State ex rel. Food & Water Watch; Freshwater Accountability Project v. State*, 153 Ohio St.3d 1, 2018-Ohio-555, 100 N.E.3d 391, ¶ 19, quoting *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22. Ohio Stands Up! cannot establish traditional standing to assert its claims.

{¶ 7} A prohibition action may be brought only by a person who is either a party to the underlying court proceeding or who "demonstrates an injury in fact to a legally protected interest." *State ex rel. Matasy v. Morley*, 25 Ohio St.3d 22, 23, 494 N.E.2d 1146 (1986). To have standing in a mandamus case, a relator must be "beneficially interested" in the case. *State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297, 299, 685 N.E.2d 1251 (1997); *see also* R.C. 2731.02. "[T]he applicable test is whether [the] relators would be directly benefited or injured by a judgment in the case." *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, 226, 685 N.E.2d 754 (1997). It is difficult to see how Ohio Stands Up!, a corporation, could be injured by discrimination based on vaccination status, or how it is directly harmed by the administration of an allegedly harmful vaccine to children.

**{¶ 8}** Moreover, although Ohio Stands Up! asserts that it has standing under the public-right doctrine, that doctrine does not apply here. "The public-right doctrine represents 'an exception to the personal-injury requirement of standing.' " *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, ¶ 9, quoting *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 503, 715 N.E.2d 1062 (1999). To bring such a case, the litigant must allege "*rare and extraordinary*" issues (emphasis sic), *Sheward* at 504, that are "of great importance and interest to the public," *id*. at 471. Not every allegedly illegal or unconstitutional government action rises to that level of importance. *Id*. at 503-504. Upon review of the complaint, we conclude that Ohio Stands Up! has not alleged "the type of rare and extraordinary public-interest issue required by *Sheward*." *ProgressOhio.org* at ¶ 12.

**{¶ 9}** Finally, the allegations in the complaint do not establish taxpayer or associational standing. "In the absence of statutory authority, * * * a taxpayer lacks legal capacity to institute a taxpayer action unless he has some special interest in the public funds at issue." *State ex rel. Dann v. Taft*, 110 Ohio St.3d 1, 2006-Ohio-2947, 850 N.E.2d 27, ¶ 13. The complaint alleges that the funds in question are general-revenue funds, and Ohio Stands Up! does not assert a special interest in those funds.[1] And associational standing is reserved for organizations that sue on behalf of their members. *Ohioans for Concealed Carry, Inc. v. Columbus*, 164 Ohio St.3d 291, 2020-Ohio-6724, 172 N.E.3d 935, ¶ 24. Ohio Stands Up! has not alleged that its members have standing that the association is asserting on their behalf.

---

1. Respondents' assertion that the funds for the Vax-a-Million program came from a federal grant, not the state's general revenue, introduces facts outside the pleadings that are not appropriate for consideration at this stage.

**Conclusion**

{¶ 10} Ohio Stands Up! has failed to establish that it has standing to seek a writ of prohibition or writ of mandamus in this original action. We therefore grant respondents' motion and dismiss the complaint for lack of standing.

Motion granted
and cause dismissed.

O'CONNOR, C.J., and FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion.

DEWINE, J., not participating.

———————————

**KENNEDY, J., concurring in judgment only.**

{¶ 11} Although I recognize that this case raises weighty constitutional issues that demand resolution, I concur in the judgment of the court dismissing the complaint, because I must.

{¶ 12} Relator, Ohio Stands Up!, Inc., seeks writs of prohibition and mandamus against respondents, Governor Mike DeWine and Kimberly Murnieks, Director of the Office of Budget and Management. Article IV, Section 2(B)(1) of the Ohio Constitution grants this court original jurisdiction in prohibition and mandamus actions. However, a review of the allegations in the complaint reveals that the relief sought by Ohio Stands Up! does not sound in either prohibition or mandamus but rather amounts to a request for (1) a declaratory judgment that Governor DeWine and Director Murnieks's actions in responding to the COVID-19 outbreak are unlawful and (2) a prohibitory injunction preventing Governor DeWine and Director Murnieks from expending funds on the "Vax-a-Million" lottery and ordering Governor DeWine to stop subjecting children to vaccination against COVID-19, imposing mask mandates and business closures, and violating federal law. Because this court lacks subject-matter jurisdiction to issue a

declaratory judgment and a prohibitory injunction, *State ex rel. Esarco v. Youngstown City Council*, 116 Ohio St.3d 131, 2007-Ohio-5699, 876 N.E.2d 953, ¶ 12, the complaint must be dismissed.

**Subject-Matter Jurisdiction**

{¶ 13} "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case," *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14, and " '[a] court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case,' " *id.*, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id.* at ¶ 14, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23; *see also* 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts").

{¶ 14} Because subject-matter jurisdiction is a condition precedent to a court's power to adjudicate and render judgment in a case, "in the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss," *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 21. Whether this court has subject-matter jurisdiction over the action is therefore a question that must be decided before addressing other procedural or substantive issues. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Consequently, we should not reach the question whether Ohio Stands Up! has standing to sue unless we first determine that we have subject-matter jurisdiction over the action. *See Kuchta* at ¶ 23 ("a particular party's standing, or lack thereof, does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief"). And here, subject-matter jurisdiction is lacking.

**Prohibition**

{¶ 15} We have original jurisdiction in prohibition. Article IV, Section 2(B)(1)(d), Ohio Constitution. To be entitled to a writ of prohibition, however, Ohio Stands Up! must establish the exercise of judicial or quasi-judicial power, the lack of authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Tam O'Shanter Co. v. Stark Cty. Bd. of Elections*, 151 Ohio St.3d 134, 2017-Ohio-8167, 86 N.E.3d 332, ¶ 14; *see also State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13.

{¶ 16} Ohio Stands Up! contends that because Governor DeWine, and to some extent Director Murnieks, "seeks to exercise Administrative quasi-judicial powers" by expending funds on the Vax-a-Million lottery, subjecting children to vaccination, and imposing mask mandates and business closures, it may obtain the relief that it seeks through a writ of prohibition. But Ohio Stands Up! has not alleged facts that, if true, would show that Governor DeWine or Director Murnieks are judicial officers, that they have exercised judicial or quasi-judicial power, or that they have otherwise conducted or plan to conduct proceedings resembling a judicial trial or a quasi-judicial proceeding. "When a public entity takes official action but does not conduct proceedings akin to a judicial trial, prohibition will not issue." *State ex rel. Save Your Courthouse Commt. v. Medina*, 157 Ohio St.3d 423, 2019-Ohio-3737, 137 N.E.3d 1118, ¶ 27. And "[w]hen there is no requirement for notice, hearing, or an opportunity to present evidence, the proceedings are not quasi-judicial." *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 141 Ohio St.3d 113, 2014-Ohio-4364, 22 N.E.3d 1040, ¶ 36.

{¶ 17} The allegations of the complaint do not sufficiently assert the exercise of judicial or quasi-judicial power by either Governor DeWine or Director Murnieks. Therefore, Ohio Stands Up! has not invoked our original jurisdiction in prohibition.

## Mandamus

{¶ 18} We also have original jurisdiction in mandamus. Article IV, Section 2(B)(1)(b), Ohio Constitution. To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

{¶ 19} The purpose of mandamus is to *compel* official action, *State ex rel. Gadell-Newton v. Husted*, 153 Ohio St.3d 225, 2018-Ohio-1854, 103 N.E.3d 809, ¶ 10, but the gravamen of the complaint here is to *prohibit* Governor DeWine's and Director Murnieks's actions in response to the COVID-19 outbreak, such as expending funds on the Vax-a-Million lottery, subjecting children to vaccination, and imposing mask mandates and business closures. Although Ohio Stands Up! asks for a writ compelling Governor DeWine and Director Murnieks to comply with state and federal law in the future, that is tantamount to a request for an order prohibiting them from violating the law going forward. For this reason, "[a] 'writ of mandamus will not issue to compel the general observance of laws in the future,' " *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 27, quoting *State ex rel. Kirk v. Burcham*, 82 Ohio St.3d 407, 409, 696 N.E.2d 582 (1998).

{¶ 20} Because Ohio Stands Up! does not seek to compel Governor DeWine and Director Murnieks to *take* official action, it has not invoked our original jurisdiction in mandamus.

## Declaratory and Injunctive Relief

{¶ 21} Although Ohio Stands Up! states its claims in terms of seeking writs of prohibition and mandamus, we look to the allegations of the complaint to determine the true nature of the relief sought. *See, e.g., State ex rel. Obojski v. Perciak*, 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, ¶ 13. And a

review of the complaint demonstrates that its real objects are a declaratory judgment and a prohibitory injunction. That is, it asks us to declare (1) that Governor DeWine and Director Murnieks will violate the law by spending public funds on the Vax-a-Million lottery when those funds have not been appropriated by the General Assembly for that purpose and (2) that Governor DeWine has violated the law by requiring the vaccination of children and by imposing mask mandates and business closures. Ohio Stands Up! also seeks to enjoin Governor DeWine from continuing or reinstating these policies or otherwise breaking the law in the future. However, we lack jurisdiction to grant relief in the nature of a declaratory judgment coupled with a prohibitory injunction. *State ex rel. Murray v. Scioto Cty. Bd. of Elections*, 127 Ohio St.3d 280, 2010-Ohio-5846, 939 N.E.2d 157, ¶ 29. As we explained in *Obojski*, "It is axiomatic that 'if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.' " *Obojski* at ¶ 13, quoting *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 634, 716 N.E.2d 704 (1999).

{¶ 22} In contrast to this court's limited constitutional grant of original jurisdiction, the courts of common pleas are courts of general jurisdiction, *Ostanek v. Ostanek*, ___ Ohio St.3d ___, 2021-Ohio-2319, ___ N.E.3d ___, ¶ 26. Article IV, Section 4(B) of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." "The General Assembly exercised its power to define the subject-matter jurisdiction of the common pleas courts in enacting R.C. Chapter 2721, the Declaratory Judgment Act." *Corder*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, at ¶ 16. Subject to a statutory limitation that is not at issue here, "courts of record may declare rights, status, and other legal relations," R.C. 2721.02(A), and "any person whose rights, status, or

other legal relations are affected by a constitutional provision [or] statute * * * may have determined any question of construction or validity arising under the * * * constitutional provision [or] statute * * * and obtain a declaration of rights, status, or other legal relations under it," R.C. 2721.03.  In addition, R.C. Chapter 2727 authorizes the common pleas courts to grant injunctions and temporary restraining orders in the cases before it.  R.C. 2727.02 and 2727.03; *see State ex rel. CNG Fin. Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, 855 N.E.2d 473, ¶ 15 ("the common pleas courts have basic statutory jurisdiction over actions for injunction and declaratory judgment").

{¶ 23} Consequently, the General Assembly has provided a remedy for Ohio Stands Up! to challenge Governor DeWine and Director Murniek's past, present, and future actions by providing for declaratory and injunctive relief in the common pleas court.

### Conclusion

{¶ 24} Ohio Stands Up! has failed to state a claim for relief in prohibition or mandamus, and we lack subject-matter jurisdiction to issue the true object of its complaint—declaratory and injunctive relief.  To be clear, I express no opinion regarding the weighty constitutional issues that Ohio Stands Up! raises.  My only point is that this court lacks the judicial power to grant the remedy that Ohio Stands Up! seeks, and for this reason, I concur in the court's judgment today dismissing the complaint.

_____

Robert J. Gargasz Co., L.P.A., and Robert J. Gargasz, for relator.

Dave Yost, Attorney General, and Julie M. Pfeiffer and Andrew D. McCartney, Assistant Attorneys General, for respondents.

_____