[Cite as *Keil v. Ohio Atty. Gen.*, 2025-Ohio-1034.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Werner Keil et al., | : | |
| Relators, | : | |
| | : | No. 24AP-654 |
| v. | : | |
| | : | (REGULAR CALENDAR) |
| Ohio Attorney General, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on March 25, 2025

**On brief:** *Michael Werner Keil, Tracy E. Graziano Keil, Anthony J. Colby, Charles N. Spyker, Rachelle L. Hartman, Frank H. Kifer, Michelle L. Snyder, John B. Wolanin, Theresa L. Nikolet Wolanin, Raymond W. Synder, April L. Loomis Snyder, Samuel A. Franks, Nelson F. Burnell, Jr., Rebecca K. Stone, Arletha L. McCree, Roger W. Christakes,* and *Belinda Fellows*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Byers B. Emmerling*, and *Bryan B. Lee*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

MENTEL, J.

{¶ 1} The relators, Michael Werner Keil, Tracy E. Graziano Keil, Anthony J. Colby, Charles N. Spyker, Rachelle L. Hartman, Frank H. Kifer, Michelle L. Snyder, John B. Wolanin, Theresa L. Nikolet Wolanin, Raymond W. Synder, April L. Loomis Snyder, Samuel A. Franks, Nelson F. Burnell, Jr., Rebecca K. Stone, Arletha L. McCree, Roger W. Christakes, and Belinda Fellows, have filed a petition for a writ of mandamus against the respondent, Dave Yost, the Ohio Attorney General. The relators seek a writ of mandamus to command the respondent to "immediately restore unto the relators all property

belonging to them as successor beneficiaries" and "award to relators, damages in the sum of $[dollar amount of damages]." (Sic passim and emphasis deleted.) (Oct. 22, 2024 Compl. at 4-5.)

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  On November 27, 2024, the respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The respondent argued that the relators' petition should be dismissed based on noncompliance with the pleading requirements for mandamus actions under R.C. 2731.04, that the relators lacked standing, and that they failed to state a claim upon which relief could be granted. On December 9, 2024, the relators filed a "motion for leave to amend" and a "motion in opposition of respondent's motion to dismiss." The motion for leave to amend sought to correct the case caption of the complaint to indicate that the case was brought in the name of the state consistent with R.C. 2731.04. The respondent filed a combined reply brief on December 16, 2024.

{¶ 3}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court. On December 27, 2024, the magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate first recommended granting the relators' motion to amend and deny the respondent's request to dismiss the matter based on noncompliance with R.C. 2731.04. The magistrate next found that the relators' allegations conferred sufficient standing to bring a claim writing that while the petition "is confusingly worded, it does not appear that relators are attempting to challenge the expenditure of public funds through a taxpayer action. Rather, they are alleging the failure of the respondent to perform a legal duty." (Appended Mag.'s Decision at 10-11.) Finally, the magistrate concluded that the respondent's motion to dismiss should be granted as "[n]othing in [R.C. 1506.10] creates a clear legal duty on the part of respondent to provide the relief sought by relators." (Appended Mag.'s Decision at 13.) The magistrate went on to find that the relators, through unsupported legal propositions, failed to allege the existence of a legal duty to provide the requested relief to give reasonable notice of the claim asserted to the respondent.

{¶ 4}  On January 10, 2025, the relators filed two objections to the magistrate's decision. On January 23, 2025, the respondent filed a memorandum in opposition. On January 30, 2025, the relators filed both a motion to seal and a motion for summary

judgment. On February 5, 2025, the respondent filed a motion to stay further briefing pending this court's resolution of the relators' objections to the magistrate's decision. By way of entry dated February 6, 2025, we granted the respondent's motion "to the extent that all proceedings in this original action are stayed except the submission of this matter to a panel of this court on March 5, 2025, and that panel's ruling on the objections." (Journal Entry.)

## II. STANDARD OF REVIEW AND ANALYSIS

{¶ 5}  As set forth in Civ.R. 53(D)(4)(d), we undertake an independent review of the objected matters "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." We may adopt or reject a magistrate's decision in whole or in part, with or without modification.

{¶ 6}  In order for this court to grant a writ of mandamus, the relators must be able to demonstrate that they have a clear legal right to the relief sought, the respondent has a clear legal duty to provide such relief, and they have no adequate remedy in the ordinary course of the law. *State ex rel. Phlipot v. Doug Smith Farms*, 2024-Ohio-5820, ¶ 12 (10th Dist.), citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 162-63 (1967).

### A.  The Relators' First Objection

{¶ 7}  The relators' first objection contends that the magistrate erred by considering the respondent's motion to dismiss as it failed to comply with Loc.R. 2(E). The relators argue that because they did not use the efiling system, the respondent violated Loc.R. 2(E) by serving the motion to dismiss by email.

{¶ 8}  The parameters of service by email can vary depending on the controlling rule or procedure. Under Civ.R. 5(B)(1), "[w]henever a party is not represented by an attorney, service under this rule shall be made upon the party." Service under Civ.R. 5 may be completed by "[s]ending it by electronic means to a facsimile number or e-mail address provided in accordance with Civ.R. 11 by the attorney or party to be served." Civ.R. 5(B)(2)(f). Civ.R. 11 directs that a party not represented by counsel "shall sign, by electronic signature or by hand, the pleading, motion, or other document and state the party's address, a telephone number, facsimile number, if any, and personal e-mail address, if any, for service by electronic means under Civ.R. 5(B)(2)(f)." App.R. 13 provides that a document is served when it is sent "by electronic means to the most recent facsimile

number or email address listed by the intended recipient on a prior court filing (including a filing in the lower court) in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person served." App.R. 13(C)(6). Loc.R. 2(E) of this court provides in relevant part:

> Pursuant to App.R. 13(C), copies of all documents filed by any party and not required to be served by the clerk shall, at or before the time of filing, be served on all other parties to the case. The e-mail notice of filing generated by the e-Filing System does not constitute service in the Tenth District Court of Appeals. Service may be made by personal service, by mail, or, where the opposing party is an e-filing account holder, by attaching a copy of the pleading being served to an e-mail sent to an e-mail address registered in the e-filing system. Service on a party represented by counsel shall be made on counsel. Proof of service, indicating how service was made, shall be attached to every filing.

{¶ 9} Here, the certificate of service provided with the respondent's motion to dismiss indicates that the motion was filed using the efiling system and copies of the motion were sent to the relators by electronic mail. Despite the relators' contentions regarding service by email, they filed both a "motion for leave to amend" and a "motion in opposition of respondent's motion to dismiss" on December 9, 2024. The motion for leave to amend sought to correct the case caption of the complaint to specify that the mandamus action was brought in the name of the state as required by R.C. 2731.03. The relators' failure to comply with R.C. 2731.04 was one of the respondent's primary arguments for granting its motion to dismiss.

{¶ 10} The relators do not allege that they were not served a copy of the motion to dismiss. Instead, they allege only that the service of the respondent's motion did not conform with Loc.R. 2(E). It is well established that to constitute reversible error, the opposing party must have been prejudiced from the mistake in service. *See, e.g., Foy v. State AG*, 2022-Ohio-62, ¶ 15 (10th Dist.); *Capital One Bank (USA) N.A. v. Ryan*, 2014-Ohio-3932, ¶ 29 (10th Dist.). Our review of the record indicates that the relators did not suffer any discernable prejudice from the alleged service issue. Thus, while the respondent did not technically comply with Loc.R. 2(E), the relators had the opportunity to respond to the motion. Because there was no delay or prejudice from the respondent serving the

relators by email, the error is harmless and cannot provide a basis for reversal. The relators' first objection is overruled.

### B. The Relators' Second Objection

{¶ 11} The relators next argue that the magistrate erred as the respondent "remains in possession of each Relator's Incontestable Guarantee, which is traceable and has possessed aforementioned guarantees from 11/22/2023 to date, which by Acceptance construes an obligation to perform within a reasonable time, which has expired." (Objs. at 3.) The relators argue that they have an actionable grievance as they have established a legal duty through the delivery and acceptance of assignments that created "an accord or trust contract" with the respondent. (Objs. at 3.)

{¶ 12} Upon review, we agree with the magistrate's conclusion that the relators failed to establish a cognizable claim for mandamus. As aptly stated by the magistrate, "this court is not bound to accept relators' unsupported legal conclusions that respondent is under a legal duty cognizable in mandamus . . . . [O]nly the legislature can create a duty enforceable through mandamus." (Appended Mag.'s Decision at 13.) Thus, the relators can demonstrate no set of facts entitling them to the relief they seek in mandamus.

{¶ 13} The relators' second objection is overruled.

## III. CONCLUSION

{¶ 14} Following our examination of the magistrate's decision and our independent review of the record, as set forth in Civ.R. 53, we conclude the magistrate properly applied the relevant law to the facts of the case concluding that the respondent's motion to dismiss should be granted as the relators can prove no set of facts entitling them to the relief they seek in mandamus. Therefore, we overrule the relators' objections and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant the respondent's motion to dismiss and deny the relators' petition for a writ of mandamus. The relators' motion for summary judgment and motion to seal are also denied.

*Motion to dismiss is granted*;
*motion for summary judgment and motion to seal are denied*;
*writ of mandamus denied.*
BEATTY BLUNT and BOGGS, JJ., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Werner Keil, et al., | : | |
| Relators, | : | |
| | : | No. 24AP-654 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Attorney General, | : | |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 27, 2024

*Michael Werner Keil*, *Tracy E. Graziano Keil*, *Anthony J. Colby*, *Charles N. Spyker*, *Rachelle L. Hartman*, *Frank H. Kifer*, *Michelle L. Snyder*, *John B. Wolanin*, *Theresa L. Nikolet Wolanin*, *Raymond W. Snyder*, *April L. Loomis Snyder*, *Samuel A. Franks*, *Nelson F. Burnell*, *Jr.*, *Rebecca K. Stone*, *Arletha L. McCree*, *Roger W. Christakes*, and *Belinda Fellows*, pro se.

*Dave Yost*, Attorney General, *Byers B. Emmerling*, and *Bryan B. Lee*, for respondent.

IN MANDAMUS
ON MOTIONS

{¶ 15} A petition for writ of mandamus has been filed by the following named relators: Michael Werner Keil, Tracy Elizabeth Graziano Keil, Anthony Joseph Colby, Charles Nathan Spyker, Rachelle Le Hartman, Frank Henry Kifer, Michelle Louise Snyder, John Bernard Wolanin, Theresa Lynn Nikolet Wolanin, Raymond William Snyder, April Lynn Loomis Snyder, Samuel Allen Franks, Nelson Frederick Burnell, Jr., Rebecca Karen Stone, Arletha Leshune McCree, Roger William Christakes, and Belinda Fellows. Relators

name as respondent Dave Yost, the Ohio Attorney General. Respondent has filed a motion to dismiss. Relators have filed a "motion for leave to amend" and a "motion in opposition of respondent's motion to dismiss."

## I. Findings of Fact

{¶ 16} 1. Relators commenced this mandamus action with the filing of their petition for writ of mandamus on October 22, 2024.

{¶ 17} 2. In their petition, relators assert that respondent "is the appropriate office as a public trustee" and state that respondent's "office is the office that holds all lands in trust for the people." (Compl. at 3.) Relators assert that "[t]he State of Ohio * * * holds title to these lands in trust for the people of the state." (Compl. at 3.) Relators assert that respondent "has a clear duty to perform the completely constituted trust by immediate return and restoration of the property and lands of the relators." (Compl. at 3.) Relators assert respondent is "the chief law enforcement officer, beneficiary of the public charitable trust and trustee and assignee of this cause of action." (Compl. at 4.) Relators allege:

> As a direct and proximate result of respondent's failure to perform the above-described duties (enclosed on supporting documentation) relators have been damaged in a multitude of ways, including payment of TAXES on lands that were intended to be exclusively in the possession and enjoyment of the successor beneficiaries, other financial burdens that properties belonging to the STATE which were intended to belong to the successor beneficiaries are withheld causing financial loss in the thousands for each relator.

(Emphasis removed.) (Compl. at 4.) Relators seek as relief the following:

> Issue an alternative writ of mandamus commanding respondent to *immediately restore unto the relators all property belonging to them as successor beneficiaries, no later than 20 days after filing, or appear before this court and show cause why respondent has failed to perform the specification of act, and after a hearing issue a peremptory writ of mandamus commanding respondent to immediately restore the relators to all property including restoration of lands held by LEGAL DESCRIPTIONS, that all surveyed lands held by the state be returned with no easements, other than necessities for daily life without public intrusion by said date of performance*, or,

> Issue a peremptory writ of mandamus in the first instance commanding respondent to perform restoration requested above and award to relators, damages in the sum of $[*dollar amount of damages*].

(Sic passim and emphasis in original.) (Compl. at 4-5.) Relators also seek costs and further relief as deemed proper.

{¶ 18} 3. Attached to the petition are 17 affidavits, one from each of the relators. In the affidavits, relators make similar statements regarding assignments to respondent, citing provisions of the Uniform Commercial Code ("U.C.C.") related to financing statements.

{¶ 19} 4. Respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on November 27, 2024.

{¶ 20} 5. Relators filed two motions on December 9, 2024: (1) a "motion for leave to amend," and (2) a "motion in opposition of respondent's motion to dismiss."

## II. Discussion and Conclusions of Law

{¶ 21} Respondent argues in the motion to dismiss that relators' petition should be dismissed due to a lack of compliance with the pleading requirements for mandamus actions in R.C. 2731.04 and failure to state a claim upon which relief can be granted. The magistrate notes that relators' December 9, 2024 filing captioned "motion in opposition of respondent's motion to dismiss" appears to be a response to respondent's motion to dismiss, rather than a motion. In this filing, relators state that they are responding to respondent's motion to dismiss and provide a memorandum in support. A motion is "[a]n application to the court for an order." Civ.R. 7(B). Relators seek no order in their motion other than the denial of respondent's motion to dismiss. Thus, relators' filing is in the form of a response to respondent's motion, rather than relators' own motion, and will be considered as such.

### A. Mandamus

{¶ 22} A writ of mandamus is an extraordinary remedy " 'issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty.' " *State ex rel. Russell v. Klatt*, 159 Ohio St.3d 357, 2020-Ohio-875, ¶ 7, quoting R.C. 2731.01. *See State ex rel. Blachere v.*

*Tyack*, 10th Dist. No. 22AP-478, 2023-Ohio-781, ¶ 13 (stating that the purpose of mandamus is to compel the performance of an act that the law specifically enjoins as a duty resulting from an office, trust, or station). A writ of mandamus will issue where the relators establish by clear and convincing evidence: (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of respondents to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gil-Llamas v. Hardin*, 164 Ohio St.3d 364, 2021-Ohio-1508, ¶ 19.

### B. Relators' Motion to Amend & Compliance with R.C. 2731.04

**{¶ 23}** Respondent asserts relators' petition should be dismissed because relators failed to caption the petition in compliance with R.C. 2731.04. In their motion to amend, relators seek to "make immediate correction" to a recognized "procedural defect" under R.C. 2731.04. (Relators' Mot. to Amend at 1.)

**{¶ 24}** An "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." R.C. 2731.04. "[W]hen a failure to comply with R.C. 2731.04 is raised and the relator files a motion for leave to amend the caption of the complaint to specify that the mandamus action is brought in the name of the state on their relation," the Supreme Court of Ohio has "granted leave to amend so as to resolve cases on the merits rather than on a pleading deficiency." *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, ¶ 35. Construing relators' motion for leave to amend as a motion for leave to amend the case caption, the magistrate recommends granting relators' motion to amend and denying respondent's request to dismiss the case on the basis of lack of compliance with R.C. 2731.04. *See State ex rel. Rust v. Lucas Cty. Bd. of Elections*, 100 Ohio St.3d 214, 2003-Ohio-5643, ¶ 6.

### C. Whether Relators Have Standing to Bring This Mandamus Action

**{¶ 25}** Respondent argues relators lack standing because they do not have a beneficial interest in the subject matter. A party must establish standing to sue before a court can consider the merits of the claim. *State ex rel. Ohio Stands Up!, Inc. v. DeWine*, 167 Ohio St.3d 248, 2021-Ohio-4382, ¶ 5. An action brought by a party that lacks standing will be dismissed. *Id.* "A lack of standing may be challenged in a Civ.R. 12(B)(6) motion to dismiss." *Cool v. Frenchko*, 10th Dist. No. 21AP-4, 2022-Ohio-3747, ¶ 25.

**{¶ 26}** "To establish traditional standing, a party must show that the party has 'suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief.' " *State ex rel. Food & Water Watch v. State*, 153 Ohio St.3d 1, 2018-Ohio-555, ¶ 19, quoting *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 22, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "Standing does not depend on the merits of the plaintiff's claim." *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, ¶ 7. Instead, "standing depends on whether the plaintiffs have alleged such a personal stake in the outcome of the controversy that they are entitled to have a court hear their case." *Id. See Moore* at ¶ 23 (stating that "standing does not depend on the merits of the plaintiff's contention that particular conduct is illegal or unconstitutional," but rather "turns on the nature and source of the claim asserted by the plaintiffs").

**{¶ 27}** "To have standing in a mandamus case, a relator must be 'beneficially interested' in the case." *Ohio Stands Up!*, at ¶ 7, quoting *State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297, 299 (1997). "[T]he applicable test is whether relators would be directly benefited or injured by a judgment in the case." *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, 226 (1997).

**{¶ 28}** Respondent argues that "[t]he only interest Relators have on the unspecified public lands is that they are Ohio residents who pay taxes and allegedly had their enjoyment of the public lands improperly taken." (Respondent's Mot. to Dismiss at 7.) Citing to caselaw pertaining to taxpayer actions, respondent asserts that a taxpayer lacks the capacity to institute a taxpayer action absent a special interest in the public funds at issue. "[T]he common law has long recognized the right of a taxpayer to seek relief from a court of equity to prevent the consummation of a wrong such as an attempt by public officers to make an illegal expenditure of public money or to create an illegal debt, which the taxpayer, together with other property holders of the taxing district, may otherwise be compelled to pay." *State ex rel. Dann v. Taft*, 110 Ohio St.3d 1, 2006-Ohio-2947, ¶ 13. However, "[i]n the absence of statutory authority, * * * a taxpayer lacks legal capacity to institute a taxpayer action unless [the taxpayer] has some special interest in the public funds at issue." *Id*. Though relators' petition is confusingly worded, it does not appear that relators are attempting to challenge the expenditure of public funds through a taxpayer action. Rather, they are alleging the

failure of the respondent to perform a legal duty. Respondent's taxpayer action argument is therefore inapposite.

{¶ 29} "A person's status as a taxpayer is generally sufficient to establish a beneficial interest when the object is to compel performance of a duty for the benefit of the public." *Spencer* at 299. *See State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 4 (1992); *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967), paragraph nine of the syllabus. Respondent acknowledges relators' allegation that they are resident taxpayers of Ohio. Relators allege they were personally harmed by the failure of respondent to perform a public duty. Again, in examining standing, the merits of relators' contentions are not at issue. *Moore* at ¶ 23. Under *Spencer, Hodges*, and *Pressley*, relators' allegations conferred sufficient standing to bring this mandamus action. *See Spencer* at 299 (stating that the relator's "allegation in his complaint that he is a resident of East Liverpool conferred sufficient standing on him to bring the mandamus action"); *Hodges* at 4 (finding that the relators "have * * * demonstrated a beneficial interest in the act or acts they request" because they "allege that they are taxpayers and electors" and stating that "[w]hether [the relators] are entitled to the writ they request requires a discussion of the specific causes and grounds involved").

## D. Relators' Petition Fails to State a Claim Cognizable in Mandamus

{¶ 30} Respondent next argues that relators' petition should be dismissed under Civ.R. 12(B)(6) for failing to state a claim upon which relief can be granted. Though relators' petition appears, on its face, to be complicated, analysis of this question is relatively straightforward.

{¶ 31} A motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the petition or complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233,

2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.).

{¶ 32} "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352, 2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 33} " 'A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *Hanson* at 548, quoting *State ex rel. Alford v. Willoughby Civ. Serv. Comm.*, 58 Ohio St.2d 221, 224 (1979). Creation of a legal duty enforceable in mandamus "is the distinct function of the legislative branch of government." *Hodges v. Taft*, 64 Ohio St.3d at 3. "A court in a mandamus proceeding cannot create a duty where none exists." *State ex rel. Clough v. Franklin Cty. Children Servs.*, 144 Ohio St.3d 83, 2015-Ohio-3425, ¶ 15.

{¶ 34} Relators point to R.C. 1506.10, which governs Ohio's rights to the waters of Lake Erie. In part, R.C. 1506.10 provides as follows:

> It is hereby declared that the waters of Lake Erie consisting of the territory within the boundaries of the state, extending from the southerly shore of Lake Erie to the international boundary line between the United States and Canada, together with the soil beneath and their contents, do now belong and have always, since the organization of the state of

> Ohio, belonged to the state as proprietor in trust for the people of the state, for the public uses to which they may be adapted, subject to the powers of the United States government, to the public rights of navigation, water commerce, and fishery, and to the property rights of littoral owners, including the right to make reasonable use of the waters in front of or flowing past their lands.

The statute further provides that the "department of natural resources is hereby designated as the state agency in all matters pertaining to the care, protection, and enforcement of the state's rights designated in this section." R.C. 1506.10. Nothing in this statute creates a clear legal duty on the part of respondent to provide the relief sought by relators.

{¶ 35} Relators make a number of other conclusory assertions of a legal duty in the petition and attachments, including assertions of a duty arising from the delivery and acceptance of assignments. However, this court is not bound to accept relators' unsupported legal conclusions that respondent is under a legal duty cognizable in mandamus. *See generally State ex rel. Martre v. Reed*, 161 Ohio St.3d 281, 2020-Ohio-4777, ¶ 12 (stating that "unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss"). Again, only the legislature can create a duty enforceable through mandamus. *Hodges* at 3. Relators, through their unsupported legal propositions, fail to allege the existence of a legal duty to provide the requested relief with sufficient particularity so that respondent is given reasonable notice of the claim asserted. Presuming all factual allegations contained in the petition to be true and making all reasonable inferences in favor of relators, it appears beyond doubt that relators can prove no set of facts entitling them to the relief they seek in mandamus. Therefore, respondent's motion to dismiss pursuant to Civ.R. 12(B)(6) should be granted.

## E. Conclusion

{¶ 36} For the foregoing reasons, it is the decision and recommendation of the magistrate that relators' December 9, 2024 motion for leave to amend and respondent's motion to dismiss should be granted. To the extent that relators' December 9, 2024 motion

in opposition of respondent's motion to dismiss is considered a motion and not a response, it should be denied as moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.