[Cite as *Osborne v. J.T.O., Inc.*, 2024-Ohio-2070.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CYNTHIA OSBORNE, ET AL., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 113336 |
| v. | : | |
| J.T.O., INC., ET AL., | : | |
| Defendants-Appellees. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 30, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-897825

### *Appearances:*

Cooper Elliott, Charles H. Cooper, Jr., and Barton R. Keyes; Calabrese & Associates, LLC, and Maria L. Calabrese, *for appellants*.

Walter | Haverfield LLP, Alexandra V. Dattilo, and John E. Schiller; Kenneth J. Fisher; Ranallo & Aveni LLC, and Robert A. Ranallo, *for appellees*.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellants Cynthia Osborne ("Cynthia") and Natalie Tomazic ("Natalie") (collectively, "appellants") challenge the judgment of the Cuyahoga County Court of Common Pleas granting the appellees' motion for summary

judgment on their claims and denying their motion for leave to file an amended complaint, their motion to compel discovery, and their motion to modify discovery order. After a thorough review of the applicable law and facts, we reverse the judgment of the trial court and remand for further proceedings.

## I. Factual and Procedural History

{¶ 2} This lengthy litigation arises from a dispute over a family business and certain related entities. Appellants brought this action on their own behalf and on behalf of the following entities: J.T.O., Inc. ("J.T.O."), Fourever J.T.O., Ltd. ("Fourever J.T.O."), Jerome T. Osborne, Jr. Family, L.P. ("JTO, Jr., FLP"), Trask Properties, LTD. ("Trask"), Jiggy Ltd. ("Jiggy"), MRLM, LLC ("MRLM"), and JTO Club Corp. ("JTO Club") against J.T.O., Jerome T. Osborne III, individually and as Trustee of the Jerome T. Osborne, Jr. Trust B ("Ossie"), JTO, Jr., FLP, Fourever J.T.O., Trask, MRLM, Ossco Properties LTD ("Ossco"), JTO Materials, LLC ("JTO Materials"), JTO Club, and Jiggy.

{¶ 3} The complaint alleged four causes of action, to wit: breach of fiduciary duty, failure to maintain or provide records, unjust enrichment, and breach of contract. Appellees[1] answered the complaint and filed their own counterclaim, which is not at issue here.

---

[1] Appellees in this matter are Ossie, J.T.O., Inc., JTO Club, Jiggy, and MRLM, and will be referred to as "appellees." Fourever J.T.O., JTO, Jr., FLP, and Trask were voluntarily dismissed from the action and are not parties to this appeal. Ossco and JTO Materials were named as parties to the underlying action; however, appellees did not list them among the named "appellees" in their brief.

{¶ 4} The case proceeded slowly and significant motion practice ensued. At one point, the trial court entered an order limiting discovery to parties in the case. If the parties sought discovery from a third party, they were required to seek approval from the court. Appellants filed a motion to compel discovery and a motion to modify the discovery order, which were both later supplemented. The motions were held in abeyance by the trial court while settlement discussions were held. After settlement attempts failed, the trial court indicated that it would rule on the motions that had been held in abeyance, but it did not.

{¶ 5} While the case was pending, appellants moved to amend their complaint to add additional parties as derivative plaintiffs, which was also held in abeyance. Several years later, it was denied without analysis.

{¶ 6} Appellees moved for summary judgment on appellants' claims, which appellants opposed. The trial court granted the motion for summary judgment, finding that (1) appellants lacked direct ownership interest in J.T.O., JTO Club, Jiggy, and MRLM and therefore could not bring derivative claims on behalf of these entities; and (2) appellants could not bring their claims as direct shareholder claims because they had not presented evidence to demonstrate that they had suffered any injury separate and distinct from the claimed injury to the corporate entities.

{¶ 7} The trial court determined that genuine issues of material fact remained regarding the derivative claims on behalf of Fourever J.T.O., JTO Jr., FLP, and Trask. Later, these parties were voluntarily dismissed from the action. The

counterclaim was also dismissed, and appellants then filed the instant appeal, raising four assignments of error for our review:

1. The trial court erred to the extent that it granted appellees' motion for summary judgment.

2. The trial court abused its discretion in denying appellants' joint motion for leave to file a first amended complaint.

3. The trial court abused its discretion in denying by implication appellants' joint motion to modify a discovery order prohibiting third party discovery.

4. The trial court abused its discretion in denying by implication appellants' joint motion to compel discovery.

## II. Law and Analysis

### A. Summary Judgment

{¶ 8} Appellants argue that the trial court erred in granting summary judgment on their derivative claims because they have indirect interests in each of the entities through the parent companies.[2] They contend that shareholders of a parent company have standing to bring derivative actions on behalf of a subsidiary.

{¶ 9} Civ.R. 23.1 provides:

In a derivative action brought by one or more legal or equitable owners of shares to enforce a right of a corporation, the corporation having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors and, if necessary, from the shareholders and the reasons for his failure to

_____

[2] Appellants' brief does not raise any argument regarding the dismissal of their direct claims, and their counsel confirmed at the oral argument held in this matter that they have abandoned their direct claims.

obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders similarly situated in enforcing the right of the corporation. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders in such manner as the court directs.

{¶ 10} Significant portions of the parties' briefs address factual issues regarding the claims against Ossie. However, because the trial court focused solely on the issue of appellants' standing and did not address the substance of the claims, we will not analyze the merits of the claims for the first time here. *See Roush v. Butera*, 8th Dist. Cuyahoga No. 97463, 2012-Ohio-2506, ¶ 27 ("As an appellate court, we do not consider arguments that the trial court did not address."). Rather, our analysis of the arguments related to the motion for summary judgment will focus on the question of whether appellants had standing to bring a derivative suit on behalf of entities within which they had no interest. Standing is a threshold question in any case —"[a] party must establish standing to sue before a court can consider the merits of the claim." *State ex rel. Ohio Stands Up!, Inc. v. DeWine*, 167 Ohio St.3d 248, 2021-Ohio-4382, 192 N.E.3d 371, ¶ 5.

{¶ 11} Appellants argue they had standing to bring a derivative claim on behalf of subsidiaries of the parent companies in which they have an interest and cite *Carlin v. Brownfield*, 10th Dist. Franklin No. 84AP-345, 1985 Ohio App. LEXIS 8141 (June 18, 1985), in support thereof. The *Carlin* Court noted that "[i]t is recognized in Ohio and in other jurisdictions that shareholders of a parent corporation, by virtue of their ownership interest in the parent, may maintain a

'double derivative' action on behalf of the subsidiary corporation." *Id*. at 9-10, citing *Warren Telephone Co. v. Staton*, 46 Ohio App. 505, 514, 189 N.E. 660 (11th Dist.1933); 7A Wright & Miller, *Federal Practice and Procedure*, Section 1826 (1972).

{¶ 12} Ohio is not alone in recognizing such actions. "Delaware law has long recognized that a shareholder of a parent corporation may bring suit derivatively to enforce the claim of a wholly owned corporate subsidiary, where the subsidiary and its controller parent wrongfully refuse to enforce the subsidiary's claim directly." *Sagarra Inversiones, S.L. v. Cementos Portland Valderrivas, S.A.*, 34 A.3d 1074, 1080-1081 (Del.2011). If standing requirements are met, a shareholder of the parent corporation may "stand in the shoes" of the parent, and prosecute, on the parent's behalf, claims that formally belong to the parent's wholly owned subsidiary. *Id. See also Elgohary v. Steakley,* S.D.Tex. No. 4:17-cv-01534, 2017 U.S. Dist. LEXIS 190621, 24-25 (Oct. 10, 2017) (noting that standing to assert a derivative action on behalf of a wholly owned subsidiary requires standing to assert a derivative action on behalf of the parent corporation).

{¶ 13} In their complaint, appellants assert that they have a direct ownership interest in JTO, Jr. FLP, and Trask, and that they have an indirect ownership interest in J.T.O., JTO Club Corp., Jiggy, and MRLM. There does not appear to be any dispute that appellants are both limited partners in JTO, Jr., FLP, which owns 100 percent of JTO, Inc., which wholly owns the subsidiaries JTO Club, and MRLM.

Further, the parties agree that appellants are members of Trask, which owns 80 percent of Jiggy and that J.T.O. has a 10 percent interest in Jiggy.

{¶ 14} However, appellees contend, without citation to any authority, that this matter is distinguishable from other double-derivative actions because the parent company here is a limited partnership that has an operating agreement providing Ossie with authority to take the actions that form the basis of appellants' claims.

{¶ 15} The fact that the parent company is a limited partnership does not negate appellants' standing. While there does not appear to be any Ohio authority addressing limited partnerships in double-derivative actions, other jurisdictions have found no such limitation. *See Bamford v. Penfold, L.P.,* Ch. No. 2019-0005-JTL, 2020 Del. Ch. LEXIS 79, 73 (Feb. 28, 2020), citing 2 William E. Knepper & Dan A. Bailey, *Liability of Corporate Officers and Directors*, Section 18.01 n.46 (8th Ed.2019) (noting that Delaware "recognizes double derivative actions involving limited partnerships"); *see also Yale M. Fishman 1998 Ins. Trust v. Philadelphia Fin. Life Assur. Co.,* S.D.N.Y. No. 11-cv-1283, 2016 U.S. Dist. LEXIS 58862, 4 (May 3, 2016) (investor in an entity that was a limited partner in a limited partnership could assert a double-derivative claim on behalf of the limited partnership).

{¶ 16} While appellees maintain that Ossie was permitted to take the actions complained of by appellants by virtue of the operating agreement, this issue goes to

the merits of appellants' claims and has no bearing on the threshold issue of standing.

{¶ 17} Because appellants have established standing as limited partners in the parent companies of J.T.O., JTO Club, Jiggy, and MRLM, the trial court erred in granting summary judgment on the basis of standing. Appellants' first assignment of error is sustained.

## B. Motion for Leave to Amend

{¶ 18} In their second assignment of error, appellants argue that the trial court erred in denying their motion for leave to file a first amended complaint. As noted above, appellants sought to amend the complaint to add additional parties for their derivative claims.

{¶ 19} Appellants contend that their motion to leave was timely filed and made fairly early in the case proceedings. Our review of a trial court's decision to grant or deny a motion to amend a complaint is under an abuse of discretion standard. *LAME, Inc. v. E.G. Sys.*, 8th Dist. Cuyahoga No. 101566, 2015-Ohio-686, ¶ 14, citing *Tenable Protective Servs. v. Bit E-Technologies, L.L.C.*, 8th Dist. Cuyahoga No. 89958, 2008-Ohio-4233, ¶ 26. This court has held that the "'denial of leave to amend a complaint constitutes an abuse of discretion when a plaintiff may, by an amended complaint, set forth a claim upon which relief may be granted, when the motion for leave to amend was tendered in a timely manner and in good faith, and when no justification for denying leave is disclosed on or apparent from the record.'" *Mills v. Deehr*, 8th Dist. Cuyahoga No. 82799, 2004-Ohio-2410, ¶ 16,

quoting *Forney v. Cincinnati Reds, Inc.*, 1st Dist. Hamilton No. C-880016, 1988 Ohio App. LEXIS 4937, 7 (Dec. 14, 1988), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 297 N.E.2d 113 (1973), paragraph six of the syllabus.

{¶ 20} In the instant matter, appellants sought leave to amend their complaint fairly early in the case. While the action had been pending for over a year at the time the motion was filed, it does not appear that the case had made much forward progress due to significant motion practice by the parties. Several months after the motion for leave to amend was filed, the court held a hearing where it ruled on a number of motions and ordered that the motion for leave to amend, along with several other motions, would be held in abeyance while the parties apparently attempted to settle the case.

{¶ 21} A year later, after noting that the parties had attempted to settle the case and had participated in mediation, both to no avail, the court stated that a decision on the motions held in abeyance would be "forthcoming." Three years later, the court denied the motion for leave without analysis.

{¶ 22} We find that the motion for leave to amend the complaint was timely made and in good faith. Further, we can glean no justification from the record as to why the trial court failed to rule on the motion for three years and ultimately denied it. Accordingly, we find that the trial court abused its discretion in denying appellants' motion for leave to amend the complaint. Appellants' second assignment of error is sustained.

## C. Motion to Modify Discovery and Motion to Compel

{¶ 23} In their third and fourth assignments of error, appellants argue that the trial court erred by failing to rule upon (and implicitly denying) their motion to modify discovery order and their motion to compel.

{¶ 24} Like the previously discussed motion for leave to amend the complaint, appellants' motion to modify the discovery order and motion to compel were both held in abeyance pending settlement discussions between the parties. Again, after settlement attempts and mediation failed, the court stated that a decision on the motions held in abeyance would be "forthcoming." Three years later, summary judgment was granted without any ruling upon either of the motions.

{¶ 25} Appellees contend that the trial court did not err because the court had the discretion to manage its own docket and control discovery. However, simply failing to rule on motions for over three years does not constitute managing the court's docket or controlling discovery. Thus, we find the trial court erred in failing to rule upon (and implicitly denying) appellants' motion to modify discovery order and motion to compel. Appellants' third and fourth assignments of error are sustained.

## III. Conclusion

{¶ 26} The trial court erred in granting summary judgment in favor of appellees and abused its discretion in denying appellants' motion for leave to amend the complaint and failing to rule upon appellants' motion to modify discovery order and motion to compel.

{¶ 27} All of appellants' assignments of error are sustained, and this matter is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, JUDGE

EILEEN T. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR