[Cite as *Mentor Heisley Racquet & Fitness Club, L.P. v. Osborne*, 2025-Ohio-4420.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

MENTOR HEISLEY RACQUET
& FITNESS CLUB, L.P., et al.,

   Plaintiffs-Appellants,

- vs -

CYNTHIA OSBORNE, et al.,

   Defendants-Appellees.

CASE NO. 2025-L-029

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2024 CV 001638

## OPINION AND JUDGMENT ENTRY

Decided: September 22, 2025
Judgment: Affirmed

*Grant J. Keating* and *Richard N. Selby, II*, Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, OH 44077 (For Plaintiffs-Appellants).

*Barton R. Keyes*, Cooper Elliott, 305 West Nationwide Boulevard, Columbus, OH 43215 (For Defendant-Appellee, Cynthia Osborne).

*Brandon D.R. Dynes* and *Todd C. Hicks*, Thrasher, Dinsmore & Dolan, 100 Seventh Avenue, Suite 150, Chardon, OH 44024 (For Defendant-Appellee, Natalie Tomazic).

*Shawn W. Maestle*, Weston Hurd, L.L.P., 1300 East 9th Street, Suite 1400, Cleveland, OH 44114 (For Defendants-Appellees, the Maureen P. Osborne and Jerome T. Osborne trusts).

MATT LYNCH, J.

{¶1} In the appeal before us, plaintiffs-appellants are the limited partnership, Mentor Heisley Racquet & Fitness Club, LP ("the Racquet Club"), and one of its general and limited partners, Jerome T. Osborne III, U/T/A 6/1/1995, Jerome T. Osborne III, Trustee ("Ossie"). Defendants-appellees are the Racquet Club's remaining general and

limited partners: Cynthia Osborne ("Cynthia"), Natalie Tomazic ("Natalie"), Maureen P. Osborne U/T/A 10/20/1992, Maureen P. Osborne, Trustee ("Maureen"), and Jerome T. Osborne, Jr. Trust B ("Jerome"). Appellants request a judicial dissolution of the partnership and a declaratory judgment as to the distribution of sale proceeds. The Lake County Court of Common Pleas ("the Lake Court") dismissed appellants' complaint in its entirety, concluding that the Cuyahoga County Court of Common Pleas ("the Cuyahoga Court") had exclusive jurisdiction over both causes of action. We affirm.

{¶2} In May 2018, Cynthia and Natalie filed suit in the Cuyahoga Court, *Cynthia Osborne, et al. v. J.T.O., Inc., et al.*, Case No. CV 18 897825 ("the Cuyahoga Case"). The litigation arose from a dispute over the family business and several related entities ("the JTO Entities"). Ossie and Jerome are among the defendants in that case, and JTO Club Corp., alleged to be the former operating entity of the Racquet Club, is a derivative plaintiff/defendant. The complaint alleged four causes of action: breach of fiduciary duty, failure to maintain or provide records, unjust enrichment, and breach of contract.

{¶3} On July 23, 2019, Cynthia and Natalie filed a motion for leave to amend their complaint to add several additional parties, including the Racquet Club, which they alleged was JTO Club Corp.'s landlord and an affiliate or related party of J.T.O., Inc. Their First Amended Complaint was submitted to the court along with the motion.

{¶4} On December 29, 2021, the parties in the Cuyahoga Case stipulated that "[a]ll proceeds from the sale of the real estate owned by [the Racquet Club] and the assets owned by JTO Club Corp. (collectively, the 'Racquet Club Sale Proceeds') will be held in escrow until after settlement or trial of this matter" ("the Stipulation"). The following day, the Racquet Club sold its business and assets, including its property, to the city of Mentor.

The Stipulation regarding the sale proceeds was adopted by the Cuyahoga Court on January 4, 2022, and the proceeds were held in escrow by the Racquet Club pursuant to that Stipulation.

{¶5} Subsequently, the Cuyahoga Court summarily denied the plaintiffs' motion for leave to file their First Amended Complaint, which had been pending for three years. On May 30, 2024, that decision was reversed by the Eighth District Court of Appeals in *Osborne v. J.T.O., Inc.*, 2024-Ohio-2070, ¶ 18-22 (8th Dist.).

{¶6} On October 23, 2024, the Racquet Club and Ossie filed a separate complaint in the Lake Court ("the Lake Case"), which is the case before us on appeal. According to the complaint, on or about August 28, 2024, Maureen and Natalie requested distribution of the Racquet Club's sale proceeds. After payment to the Racquet Club's creditors, most of the remaining assets were distributed to the partners in proportion to their respective ownership interests. The Racquet Club is holding funds in reserve to satisfy its 2024 tax obligations and its obligation under a certain redemption agreement with a third party. Cynthia, Natalie, and Jerome disagree with the calculation of the distribution to the partners and have not negotiated their respective distribution payments.

{¶7} In Count 1 of the Lake Case, Ossie seeks a judicial dissolution of the Racquet Club, alleging that the limited partnership can no longer carry on the business for which it was formed, namely the ownership of a tennis club. In Count 2 of the Lake Case, the Racquet Club requests a judicial declaration that the distribution of the sale proceeds was made in accordance with its Articles of Limited Partnership and R.C. Chapter 1782.

Case No. 2025-L-029

{¶8}   Back in the Cuyahoga Case, on November 25, 2024, Cynthia and Natalie added a cause of action to their First Amended Complaint specifically requesting declaratory and injunctive relief as to the Racquet Club: "Plaintiffs seek an order that [the Racquet Club] need not make any payments under the purported leasehold improvement obligation, that no other agreement or obligation encumbers the sale proceeds, and that the proceeds instead must be disbursed to [the Racquet Club's] limited partners."

{¶9}   On December 3, 2024, Cynthia moved to dismiss the complaint in the Lake Case under Civ.R. 12(B)(1) ("lack of jurisdiction over the subject matter") based on Ohio's jurisdictional priority rule.  She asserted that the matters raised in the complaint are already subject to the earlier-filed litigation in the Cuyahoga Case between substantially the same parties.  Because the Cuyahoga Case remains pending, Cynthia's position was that the Racquet Club's sale proceeds are still subject to the Stipulation, journal entry, and jurisdiction of the Cuyahoga Court, and the Lake Case should be dismissed.

{¶10}  Appellants opposed the motion to dismiss, arguing the following: (1) the Racquet Club was not a party to the Cuyahoga Case at the time the Stipulation was entered; (2) Cynthia and Natalie added the cause of action against the Racquet Club in the Cuyahoga Case after they were served in the Lake Case, (3) Cynthia and Natalie do not seek judicial dissolution of the Racquet Club in the Cuyahoga Case, (4) Cuyahoga County is an improper venue for judicial dissolution of the Racquet Club, and (5) litigating the judicial dissolution claim in the Lake Case would not interfere with the adjudication of the Cuyahoga Case.

{¶11}  Cynthia replied in support of her motion, arguing it is irrelevant that the Cuyahoga Case does not include a claim for judicial dissolution because the "whole-

Case No. 2025-L-029

issue" exception applies here; i.e., if the Lake Court authorized and approved of a distribution of sale proceeds, it would flatly contradict the Stipulation adopted by the Cuyahoga Court, whose jurisdiction was invoked first. She also argued that by entering the Stipulation, appellants waived any objection to Cuyahoga County as a proper venue to resolve the distribution of sale proceeds.

{¶12} The trial court granted Cynthia's motion to dismiss and dismissed the complaint in its entirety, reasoning that the Cuyahoga Court had jurisdictional priority:

> First, Plaintiffs argue that the Stipulation does not create jurisdictional priority because [the Racquet Club] is not a party to the Cuyahoga Case and did not agree to the Stipulation. However, Plaintiffs admit that all of [the Racquet Club's] owners signed the Stipulation and are bound by it. Moreover, regardless of whether *all* of the parties and claims are identical, they do involve at least one identical issue – distribution of the proceeds from the sale of [the Racquet Club]. *See Langaa v. Pauer*, 2002-Ohio-5603, ¶ 13 (11th Dist.) (applying the jurisdictional-priority rule because "appellant is seeking compensation for damages to the trust property in both cases"). As a practical matter there is no relief this court could grant Plaintiffs on their complaint that would not violate the Stipulation – and by extension the Cuyahoga Court's jurisdiction over the sale proceeds.
>
> Second, Plaintiffs' complaint can be summarized by this sentence from their brief in opposition: "After years of litigation in the Cuyahoga Case with virtually no progress, the partners who own a majority of [the Racquet Club's] ownership interest requested the distribution of [the Racquet Club] sale proceeds." Unfortunately for Plaintiffs, the solution to that issue is not to forum shop by filing overlapping litigation in Lake County in order to bypass a Stipulation that all of [the Racquet Club's] owners agreed to.

{¶13} Appellants timely appeal and raise one assignment of error:

{¶14} "The trial court erred in granting the Defendant-Appellee's motion to dismiss as the jurisdictional-priority rule does not bar Plaintiffs-Appellants' claims."

{¶15} Our standard of review for a Civ.R. 12(B)(1) dismissal is de novo. *Manigault v. Chilson*, 2015-Ohio-5223, ¶ 8 (11th Dist.).

{¶16} When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court must determine whether the plaintiff has alleged any cause of action that the court has authority to decide. *Lagoons Point Land Co. v. Grendell*, 2002-Ohio-3372, ¶ 16 (11th Dist.), citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). "The trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transmission Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶17} "The jurisdictional priority rule provides that as between state courts of concurrent jurisdiction, the authority of the court which first properly acquires jurisdiction over a matter retains exclusive jurisdiction until the matter is completely adjudicated." *Langaa*, 2002-Ohio-5603, at ¶ 9 (11th Dist.), citing *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 429 (2001). "Generally speaking, 'the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second.'" *Id.*, quoting *McMonagle* at 429.

{¶18} "Having said that, however, the rule may apply even if the causes of actions and requested relief are not identical." *Id.* at ¶ 10, citing *State ex rel. Sellers v. Gerken*, 72 Ohio St.3d 115, 117 (1995). "That is, if the claims in both cases are such that each of the actions 'comprises part of the "whole issue" that is within the exclusive jurisdiction of the court whose power is legally first invoked,' the jurisdictional priority rule may be applicable." *Id.*, quoting *State ex rel. Racing Guild of Ohio v. Morgan*, 17 Ohio St.3d 54,

56 (1985). "To determine whether two cases involve the 'whole issue' or matter requires a two-step analysis: 'First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties. Second, the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced.'" *Id*., quoting *Michaels Bldg. Co. v. Cardinal Fed. S.&L. Bank*, 54 Ohio App.3d 180, 183 (8th Dist. 1988).

{¶19} Appellants contend that the jurisdictional priority rule does not apply here because the parties in the Lake Case are different from those in the Cuyahoga Case and the claims in the Lake Case do not comprise part of the "whole issue" that is pending in the Cuyahoga Case.

{¶20} First, it cannot be reasonably denied that the parties are substantially the same in both cases. The dissolution of the Racquet Club and the distribution of its sale proceeds involve the limited partners, all of whom are involved in both cases either individually or as a trustee or statutory agent. The Cuyahoga Case was brought by Cynthia and Natalie (defendants here) against multiple defendants, including JTO Club Corp. (the operating entity of the Racquet Club), Ossie (plaintiff here), and Jerome (defendant here). Cynthia and Natalie later added the Racquet Club (plaintiff here) as a party. The parties in the Cuyahoga Case stipulated that the proceeds from the sale of the Racquet Club would be held in escrow until settlement or trial in the Cuyahoga Case. Maureen (defendant here) joined that Stipulation. "The jurisdictional priority rule does not require both actions have identical parties. 'Rather, the identity-of-parties requirement is satisfied as long as the claim or matter sought to be precluded in the second action is between the same parties.'" *Langaa*, 2002-Ohio-5603, at ¶ 12 (11th Dist.), quoting

*Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 1999 WL 694742, *4 (10th Dist. Sept. 9, 1999). Therefore, we conclude that the identity-of-parties requirement is satisfied here.

{¶21} We further conclude that a ruling by the Lake Court on either count would affect or interfere with the resolution of the issues in the Cuyahoga Case.

{¶22} In Count 1 of the Lake Case, Ossie sought judicial dissolution of the Racquet Club under R.C. 1782.45. "Upon the dissolution of a limited partnership, the persons winding up the affairs of the limited partnership, in the name of and for and on behalf of the limited partnership, may . . . [d]istribute to the partners any remaining assets of the limited partnership." R.C. 1782.46(B)(5). In Count 2 of the Lake Case, the Racquet Club requested a judicial declaration that the distribution of the sale proceeds was made in accordance with its Articles of Limited Partnership and R.C. Chapter 1782.01. The Cuyahoga Case also involves a dispute over the disposition of the Racquet Club's sale proceeds, and the Cuyahoga Court first acquired jurisdiction over those proceeds with the court's adoption of the parties' Stipulation on January 4, 2022.

{¶23} Appellants represent to this court that the Racquet Club was not a party to the Cuyahoga Case at the time of the January 4, 2022 Stipulation. This is not accurate. The plaintiffs added the Racquet Club as a party in their First Amended Complaint, which was submitted to the Cuyahoga Court in July 2019 along with a motion for leave to amend; this motion was summarily denied three years later; the denial was reversed in May 2024; and a cause of action was added to the First Amended Complaint in November 2024. *Osborne*, 2024-Ohio-2070, at ¶ 22 (8th Dist.). An amendment to a complaint, including the addition of a party, relates back to the date of the original pleading whenever (1) notice

Case No. 2025-L-029

requirements are satisfied and (2) the claim asserted against the added party arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint. Civ.R. 15(C). It is not proper for this court to determine whether the Civ.R. 15(C) requirements were satisfied in the Cuyahoga Case, such that the First Amended Complaint would relate back to the date of the original complaint. Moreover, it is not necessary to make this determination in this case. Even assuming the First Amended Complaint adding the Racquet Club as a party did *not* relate back to the date of the original complaint in the Cuyahoga Case, the motion for leave to amend and First Amended Complaint were filed in July 2019, which was five years prior to the filing of appellants' complaint in the Lake Case.

{¶24} The trial court determined correctly that it was prohibited from interfering with the Cuyahoga Court's jurisdiction over the Racquet Club's sale proceeds and their distribution. Proceeding independently on this issue would have led to "confusion, conflict, and collision" with the Cuyahoga Case. *See Ashtabula Cty. Airport Auth. v. Rich*, 2014-Ohio-4288, ¶ 25 (11th Dist.).

{¶25} Accordingly, we affirm the Lake County Court of Common Pleas' judgment dismissing the complaint under the jurisdictional priority rule.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-L-029

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellants' assignment of error is without merit.  It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellants.

_____
JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-029